## HECHT *v.* BOUGHTON.

An appeal is the only form of proceeding by which this court can review the judgment or the decree of a territorial court in a case where there was not a trial by jury.

MOTION to dismiss a writ of error to the Supreme Court of the Territory of Wyoming.

*Mr. Thomas Turner* in support of the motion.
*Mr. E. W. Mann, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Territory of Wyoming, to bring up for review the judgment in a suit where there was not a trial by jury. A motion is now made to dismiss, because the case should have been brought here by appeal, and not by writ of error.

The second section of the act of April 7, 1874, c. 80 (18 Stat., pt. 3, p. 27), is as follows : —

" That the appellate jurisdiction of the Supreme Court of the United States over the judgments and decrees of said territorial courts in cases of trial by jury shall be exercised by writ of error, and in all other cases by appeal, according to such rules and regulations as to form and modes of proceeding as the said Supreme Court have prescribed or may hereafter prescribe :

" *Provided*, that on appeal, instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence when excepted to, shall be made and certified by the court below, and transmitted to the Supreme Court, together with the transcript of the proceedings, and judgment or decree ; but no appellate proceedings in said Supreme Court, heretofore taken upon any such judgment or decree, shall be invalidated by reason of being instituted by writ of error or appeal :

" *And provided further*, that the appellate court may make any order in any case heretofore appealed which may be necessary to save the rights of parties; and that this act shall not apply to cases now pending in the Supreme Court of the United States, where the record has already been filed.".

This statute seems to us conclusive of the present motion. In allowing legal and equitable remedies to be sought in the same action before the territorial courts, Congress saw fit to establish an inflexible rule by which it could be determined whether a case should be brought here from those courts for review by writ of error or appeal, and provided that cases tried by a jury should come on writ of error, and all others by appeal. This makes the form of proceeding depend on the single fact of whether there has been, or not, a trial by jury. *Stringfellow* v. *Cain*, 99 U. S. 610. We are not to consider the testimony in any case. Upon a writ of error we are confined to the bill of exceptions, or questions of law otherwise presented by the record; and upon an appeal, to the statement of facts and rulings certified by the court below. The facts set forth in the statement which must come up with the appeal are conclusive on us. Under these circumstances, the form of proceeding to get a review is not of so much importance as certainty about what is to be done.

We cannot agree with counsel for the plaintiff in error that the act of Congress was intended to apply only to those Territories where the distinction between suits at law and suits in equity had actually been abolished. From the preamble it may fairly be inferred that the object of the legislation was to prevent embarrassments growing out of the mingling of jurisdictions; but the statute as it stands clearly applies to all territorial courts.

*Motion granted.*