## GRAY *v.* HOWE and Another.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Decided November 13th, 1882.

*Practice.*

Where the supreme court of a Territory on appeal reverses the judgment of a district court and sets aside findings of fact, and makes no new statement of facts in the nature of a special verdict, the judgment of the supreme court of the Territory must be affirmed on appeal.

*Mr. R. N. Baskin* for the appellant.
*Mr. Z. Snow,* for the appellees.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal from the judgment of the Supreme Court of Utah, in a special statutory proceeding to settle a controversy between the parties as to their respective rights in the E. ½ of lot 3, block 104, plat A, Salt Lake City, under the trust created through the purchase, by the mayor of the city, from the United States, of the lands on which the city stands, in accordance with the provisions of the Town-site Act of March 2d, 1867, ch. 177, 14 Stat. 541. Gray, the appellant, claims the whole of the property. The appellees contest his title and

set up occupancy by themselves at the time of the purchase. The proceeding was begun in the probate court, where, after a hearing, the facts were found and a judgment entered in favor of the appellees, each for the part of the lot claimed by them respectively. Gray thereupon appealed to the district court of the Territory. This, it was held, in *Cannon* v. *Pratt*, 99 U. S. 619, might be done. Afterwards the district court heard the cause and found the facts and stated its conclusions of law thereon, as required by the Practice Act of the Territory. After the findings and conclusions were filed in the district court, the present appellees excepted, on the ground that the facts as found were contrary to the evidence, and also because the court refused to find facts as requested by them. A motion was also made to set aside the findings and grant a new trial. This motion was overruled and judgment entered in favor of the claim of Gray. Thereupon the present appellees appealed to the supreme court, both from the refusal to grant a new trial and from the judgment. This was allowable under the Practice Act of the Territory. The supreme court heard the case, reversed the judgment of the district court, and remanded the cause, with instructions to enter a judgment rejecting the claim of Gray and allowing the claims of the appellees. From this judgment of the supreme court Gray took the present appeal. The supreme court made no " statement of the facts of the case in the nature of a special verdict," as required by the act of April 7th, 1874, ch. 80, 1 Sup. Rev. St. 13 ; and as that court must have set aside the findings of the district court in order to render the judgment it gave, there is nothing here which we can re-examine. Since the act of 1878, *supra,* the evidence at large is not to be transmitted here from the courts of the Territories, but in lieu of the evidence " a statement of the facts of the case in the nature of a special verdict." In *Stringfellow* v. *Cain,* 99 U. S. 610, it was held if the findings of the district court were sustained and a general judgment of affirmance rendered in the supreme court, the findings of the district court, thus approved by the supreme court, would furnish a sufficient statement of facts for the purposes of an appeal to this court. So, too, if there is a reversal and another judgment rendered

on the facts as found. But here the only exceptions to the findings below were that they were contrary to the evidence, and a judgment has been rendered by the supreme court in every way inconsistent with those findings. The necessary inference, therefore, is that the findings sent up to that court were set aside and the case disposed of on the evidence. This, it was also said in *Stringfellow* v. *Cain*, might be done in this class of cases.

As the only exceptions taken in the rulings of the district court were by Howe, in whose favor judgment has finally been rendered in the supreme court, they need not be considered here.

It follows that the judgment of the Supreme Court of the Territory must be affirmed.

*So ordered.*