# IDAHO AND OREGON LAND IMPROVEMENT COMPANY *v.* BRADBURY.

ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF IDAHO.

No. 105.  Submitted November 13, 1889. — Decided December 23, 1889.

Where the certificate of authentication of a record transmitted to this court on appeal begins by setting out the name and office of the clerk of the court below as the maker of the certificate, and has appended to it the seal of the court, but lacks the signature of the clerk, this court has jurisdiction of the appeal; and, if no motion to dismiss is made until it is too late to take a new appeal, will permit the certificate to be amended by adding the clerk's signature.

Under the act of April 7, 1874, c. 80, § 2, an appeal, and not a writ of error, lies to this court from the decree of a territorial court in a proceeding in the nature of a suit in equity, although issues of fact have been submitted to a jury.

On appeal from the decree of a territorial court in a proceeding in the nature of a suit in equity, this court cannot consider the weight or sufficiency of evidence, but only whether the facts found by the court below support the decree, and whether there is any error in rulings, duly excepted to, on the admission or rejection of evidence.

A suit to enforce a mechanic's lien under a territorial statute authorizing the court to order the real estate subject to the lien to be sold, and any deficiency to be paid by the owner, as in suits for the foreclosure of mortgages, is in the nature of a suit in equity.

A court of equity need not formally set aside the verdict of a jury upon issues submitted to it, before making a decree according to its own view of the evidence.

In a suit in the nature of a suit in equity, a territorial court, after a jury has found upon special issues submitted to it, and has also returned a general verdict, may set aside the general verdict, and substitute its own findings of fact for the special findings of the jury.

THE case is stated in the opinion.

*Mr. C. W. Holcomb* and *Mr. J. H. McGowan* for appellant.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for appellees.

Mr. Justice Gray delivered the opinion of the court.

This suit was commenced by Bradbury and Reinhart against the Idaho and Oregon Land Improvement Company by a complaint filed in a district court of the Territory of Idaho on September 24, 1883, alleging, in substance, that on April 13, 1883, the parties made an agreement in writing, by which the plaintiffs agreed to construct, upon the defendant's land, and on a line designated by the defendant's engineer in charge of the work, a ditch four miles long, eight feet wide and two feet deep, and of a certain grade and slope, at certain prices by the cubic yard for the material moved, and on other terms expressed in the agreement (a copy of which was annexed); that on May 17, 1883, the parties made a supplemental agreement (a copy of which was also annexed) increasing the rate of compensation in some respects; that on June 1, 1883, after the ditch had been completed by the plaintiffs and accepted by the defendant, the parties came to a settlement, upon which it was ascertained and agreed that there was due from the defendant to the plaintiffs the sum of $16,774.49, of which $10,000 was paid, and for the rest of which the defendant gave its acceptance for the sum of $6774.49, payable in fifteen days, which was duly presented at maturity, but in no part paid, and on June 27, 1883, was protested for nonpayment, and that sum, with interest at the rate of one and a half per cent a month, was now due from the defendant to the plaintiffs; and that the plaintiffs, in order to perfect a lien on the ditch and adjoining land as security for the payment of that sum, on July 12, 1883, filed with the recorder of the county, as required by chapter 48 of the Code of Civil Procedure of Idaho Territory, a claim (a copy of which was annexed to the complaint) stating the substance of the original and supplemental contracts, and the balance due as aforesaid.

The complaint prayed for judgment directing a sale of the premises, and the application of the proceeds to the payment of the plaintiffs' claim, with interest as aforesaid, and costs, and twenty per cent damages, as provided by the statutes of the Territory, and also to the payment of the holders of any

other liens who might come in; and that the plaintiffs might have judgment against the defendant for any deficiency in the proceeds of such sale to satisfy the amount due them, and for further relief.

The answer denied the completion of the ditch by the plaintiffs and its acceptance by the defendant, or that there was due from the defendant to the plaintiffs more than the sum of $500; and alleged that, if any settlement was made between the parties, it was under a misapprehension of facts caused by false and fraudulent statements of the plaintiffs that the ditch had been completed according to the contracts.

The court submitted several special issues to a jury, who found some of them in favor of the plaintiffs and failed to agree upon others, and returned a general verdict for the plaintiffs in the sum of $4274.49 and interest.

The court set aside the general verdict; and made and filed findings of fact, adopting as part thereof the findings of the jury as far as they went, and substantially supporting all the allegations of the complaint; and from the facts so found made the following conclusions of law:

"1st. That the plaintiffs are entitled to a judgment for the sum of $10,107.52, and for costs, which includes the sum found due, interest, and protest damages.

"2d. That the plaintiffs are entitled to a decree of foreclosure of the lien set forth in their complaint, and it is so ordered."

By the final decree, rendered at a hearing upon the pleadings "and upon the proofs, records and evidence produced by the respective parties, and the court having heard the proofs necessary to enable it to render judgment herein, and it appearing to the court from the proofs herein that there is now due to the plaintiffs from the defendant the sum of $10,107.52, for principal, damages and interest upon the debt set forth in the complaint, and that all the allegations in the complaint are true," the court ordered a sale of the premises by public auction; the payment, out of the proceeds, to the plaintiffs, of the sum of $10,107.52, with costs, and interest at the rate of ten per cent from the date of the decree; and the amount of any deficiency to be paid by the defendant to the plaintiffs.

The defendant moved for a new trial for "insufficiency of the evidence to justify the verdict and findings," as well as for "errors in law, occurring at the trial, and excepted to."

Upon this motion, the defendant filed a statement, which was certified by the judge as "the statement of the case," and contained parts of the testimony given and offered at the trial, and exceptions of the defendant to its admission or exclusion; instructions given to the jury and excepted to by the defendant; and a specification of twenty-one errors, touching the rulings upon evidence and the instructions to the jury, and the sufficiency of the evidence in the case and the findings of the jury to support the court's findings of fact and conclusions of law.

The defendant's motion for a new trial was overruled; and the defendant excepted to the ruling, and appealed "from the judgment and decree of foreclosure and sale" to the Supreme Court of the Territory, which adjudged "that the judgment of the court below be affirmed, and that the decree for foreclosure of mechanic's lien be modified so as that the lien shall hold only for the judgment, less the protest damages." 10 Pacific Reporter, 620. The defendant claimed an appeal, and sued out a writ of error.

In order to give this court jurisdiction of an appeal or writ of error, "an authenticated transcript of the record" of the court below must doubtless be filed in this court at the return term. Rev. Stat. § 997; *Edmonson* v. *Bloomshire*, 7 Wall. 306.

In the case before us, a motion to dismiss is now made, on the ground that the record is not authenticated, because neither the clerk nor the deputy clerk made the return "under his hand," as well as under the seal of the court, as required by Rule 8 of this court.

In support of this motion, reliance is placed on *Blitz* v. *Brown*, 7 Wall. 693, in which the only certificate of authentication was a blank form, wanting both the seal of the court below and the signature of the clerk, so that there was really no authentication whatever; and this court therefore dismissed the writ of error, but permitted the plaintiff in error

to withdraw the record for the purpose of suing out a new writ.

But in the case at bar the certificate not only begins with setting out the name and office of the clerk as the maker of the certificate, but has appended to it the seal of the court, and lacks only the clerk's signature to make it conform to the best precedents. The question presented is not one of no authentication, but of irregular or imperfect authentication; not of jurisdiction, but of practice. It is therefore within the discretion of this court to allow the defect to be supplied. Considering that the motion to dismiss was not made until it was too late to take a new appeal or writ of error, justice requires that the record should be permitted to be withdrawn for the purpose of having the certificate of authentication perfected by adding the signature of the clerk.

In Idaho, as in other Territories, there is but one form of civil action, in which either legal or equitable remedies, or both, may be administered, through the intervention of a jury, or by the court itself, according to the nature of the relief sought, provided, however, that no party can be "deprived of the right of trial by jury in cases cognizable at common law." Rev. Stat. § 1868; Act of Congress of April 7, 1874, c. 80, § 1, 18 Stat. 27; Idaho Code of Civil Procedure of 1881, §§ 138, 139, 230, 309, 353; *Ely* v. *New Mexico Railroad*, 129 U. S. 291.

Congress has prescribed that the appellate jurisdiction of this court over "judgments and decrees" of the Territorial courts, "in cases of trial by jury shall be exercised by writ of error, and in all other cases by appeal;" and "on appeal, instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence when excepted to, shall be made and certified by the court below," and transmitted to this court with the transcript of the record. Act of April 7, 1874, c. 80, § 2, 18 Stat. 27, 28.

The necessary effect of this enactment is that no judgment or decree of the highest court of a Territory can be reviewed by this court in matter of fact, but only in matter of law. As observed by Chief Justice Waite, "We are not to consider the

testimony in any case. Upon a writ of error, we are confined to the bill of exceptions, or questions of law otherwise presented by the record; and upon an appeal, to the statement of facts and rulings certified by the court below. The facts set forth in the statement which must come up with the appeal are conclusive on us." *Hecht* v. *Boughton*, 105 U. S. 235, 236.

The provision of this act, permitting a writ of error "in cases of trial by jury" only, evidently has regard to a trial by jury, as in an action at common law, in which there is and must be a trial by jury, and the court is not authorized to try and determine the facts for itself, unless a jury is waived by the parties according to statute; and has no application to a trial of special issues submitted to a jury in a proceeding in the nature of a suit in equity, not as a matter of right, or to settle the issues of fact, but at the discretion of the court, and simply to inform its conscience, and to aid it in making up its own judgment upon the facts, and the real trial of the facts is by the court and not by a jury. In all proceedings in the Territorial courts in the nature of suits in equity, therefore, as well as in those proceedings in the nature of actions at common law in which no trial by jury is had, (either because a jury has been duly waived, or because the issues tried are issues of law only,) the appellate jurisdiction of this court must be invoked by appeal, and not by writ of error. *Davis* v. *Alvord*, 94 U. S. 545; *Davis* v. *Fredericks*, 104 U. S. 618; *Story* v. *Black*, 119 U. S. 235.

It must also be borne in mind that, as already seen, in either class of cases, whether equitable or legal, coming up by appeal from a Territorial court after a hearing, or trial on the facts, the evidence at large cannot be brought up, (as it is in cases in equity from the Circuit Courts of the United States,) but only "a statement of facts in the nature of a special verdict," and rulings made at the trial, and duly excepted to, on the admission or rejection of evidence. Consequently the authority of this court, on appeal from a Territorial court, is limited to determining whether the court's findings of fact support its judgment or decree, and whether there is any error in rulings,

duly excepted to, on the admission or rejection of evidence; and does not extend to a consideration of the weight of evidence, or its sufficiency to support the conclusions of the court. *Stringfellow* v. *Cain,* 99 U. S. 610; *Cannon* v. *Pratt,* 99 U. S. 619; *Neslin* v. *Wells,* 104 U. S. 428; *Hecht* v. *Boughton,* 105 U. S. 235, 236; *Gray* v. *Howe,* 108 U. S. 12; *Eilers* v. *Boatman,* 111 U. S. 356; *Zeckendorf* v. *Johnson,* 123 U. S. 617.

The present suit was brought to enforce a mechanic's lien created by the statutes of the Territory, which authorize the court in such a suit to order both a sale of the real estate that is subject to the lien, and judgment against the owner thereof for any deficiency in the proceeds of the sale, "in like manner and with like effect as in actions for the foreclosure of mortgages." Idaho Code of Civil Procedure, §§ 815, 826. The relief provided for in those statutes, sought by the complaint, and granted by the court, was purely equitable, and the proceeding was in the nature of a suit in equity. *Canal Co.* v. *Gordon,* 6 Wall. 561; *Davis* v. *Alvord,* 94 U. S. 545; *Brewster* v. *Wakefield,* 22 How. 118, 128; *Walker* v. *Dreville,* 12 Wall. 440; *Marin* v. *Lalley,* 17 Wall. 14; Rule 92 in Equity.

The district court so treated the case, as is evident from its having made its own findings of fact on some of the questions at issue, and having based its decree, not upon the findings of the jury, but upon the proofs produced at the final hearing — neither of which would it have been authorized to do, had the suit been in the nature of an action at common law, the parties not having waived a trial by jury. *Morgan* v. *Gay,* 19 Wall. 81; *Hodges* v. *Easton,* 106 U. S. 408; *Baylies* v. *Travellers' Ins. Co.,* 113 U. S. 316; Act of Congress of April 7, 1874, c. 80, § 1, 18 Stat. 27; Idaho Code of Civil Procedure, §§ 361, 389.

The writ of error must therefore be dismissed, and the case considered as pending upon the appeal alone. *Stringfellow* v. *Cain,* 99 U. S. 610, 612.

The case being one of equitable jurisdiction only, the court was not bound to submit any issue of fact to the jury, and, having done so, was at liberty to disregard the verdict and findings of the jury, either by setting them or any of them

aside, or by letting them stand, and allowing them more or less weight in its final hearing and decree, according to its own view of the evidence in the cause. By the settled course of decision in this court, it is not necessary that a court of equity should formally set aside the verdict or finding of a jury, before proceeding to enter a decree which does not conform to it. *Prout* v. *Roby*, 15 Wall. 471, 475; *Basey* v. *Gallagher*, 20 Wall. 670; *Garsed* v. *Beall*, 92 U. S. 684, 695; *Johnson* v. *Harmon*, 94 U. S. 371, 372; *Watt* v. *Starke*, 101 U. S. 247, 252; *Quinby* v. *Conlan*, 104 U. S. 420, 424; *Wilson* v. *Riddle*, 123 U. S. 608, 615.

The case of *Basey* v. *Gallagher*, just cited, is quite analogous to the case at bar. In a suit brought in a district court of the Territory of Montana for an injunction against the diversion of a running stream in which the plaintiff asserted a right by prior appropriation for the purpose of irrigation, the court submitted specific issues to a jury, and afterwards heard the case upon the pleadings and proofs and the findings of the jury, and rendered a decree for the plaintiffs, in which it disregarded some of those findings and adopted others; and that decree was affirmed by the Supreme Court of the Territory, and by this court on appeal, notwithstanding a provision in the statutes of that Territory, (similar to § 361 of the Idaho Code of Civil Procedure,) that in civil actions " an issue of fact must be tried by a jury, unless a jury trial is waived."

The action of the district court of the Territory of Idaho, therefore, in setting aside the general verdict, and substituting its own findings of fact for the special findings of the jury, was a lawful exercise of its equitable jurisdiction, the propriety of which cannot be reviewed by this court; and it is quite immaterial whether the general verdict was consistent with the findings of the jury, or with the evidence introduced at the trial.

The only other matters specified or argued in the brief of the appellant are two exceptions to the admission or rejection of evidence.

The first exception was to the admission of evidence, offered by the plaintiffs, tending to show that by the direction and with the consent of one Case, the defendant's vice-president

and general manager, and under the supervision of the defendant's engineer, the ditch was made ten feet wide and three feet deep, whereas the original contract annexed to the complaint was for a ditch eight feet wide and two feet deep. But the supposed variance between the complaint and the proof did not exist. The complaint did not proceed upon the written contracts alone, but upon the defendant's acceptance of the ditch and the subsequent settlement between the parties. And the court found, as facts, that the changes in the dimensions of the ditch were made with the knowledge and consent of Case, and before the execution of the supplemental agreement; that the ditch, when completed, was accepted by the defendant through its general manager, and had ever since been appropriated and used by the defendant; that the settlement between the parties was based upon estimates and measurements made by the defendant's engineer in charge of the construction of the ditch; and that there was no fraud or misrepresentation on the part of the plaintiffs in or concerning that settlement.

The other exception was to the exclusion of testimony, offered by the defendant, of one Strahorn, its general manager at the time of the completion and acceptance of the ditch, and who had previously been its treasurer, tending to show that, at the time of the execution of the original contract, the plaintiffs were informed by him that Case had no authority from the defendant to contract for a ditch of larger dimensions than those specified in that contract. But it was a sufficient reason for excluding that testimony, that the offer was only to show that the plaintiffs were told that Case had no authority to vary the dimensions of the ditch, and was unaccompanied by any offer of evidence that Case had in fact no such authority, and at the time of the offer no evidence as to the actual authority of Case appears to have been introduced; and the offer to pro e the information given to the plaintiffs was not renewed after the court had allowed Strahorn, against objection and exception by the plaintiffs, to testify that neither he nor Case had any authority from the defendant's board of directors to enlarge the dimensions of the ditch, and that the board had never ratified the enlargement of the ditch.

It does not appear that the whole evidence at the trial is recited in the statement of the case; and if it had been, this court, as already shown, could have considered it for the single purpose of passing upon the exceptions taken to the admission or rejection of parts of it, and not for the purpose of deciding whether the whole evidence supported the findings of the court.

The result is that the appellant has not been prejudiced by the rulings and decree below in any particular within the appellate jurisdiction of this court.

*Ordered, that the record may be withdrawn and amended by procuring the signature of the clerk of the Supreme Court of the Territory to the certificate of authentication, and that, upon the return of the record so amended, the decree of that court be affirmed.*