JOHN  W.  MAXFIELD,  APPELLANT,  v.  JOSEPH  A.
WEST, AND OTHERS, RESPONDENTS.

APPEALS.—FINDINGS.—DECREE.—When  in  an  equity  cause  the
decree is supported by the evidence, but the findings are not
supported by the evidence, the decree will not be reversed, if
the decree is the one that should be made on the evidence as a
whole.

PETITION for a rehearing of this cause.   The opinion in
the cause is found at p.    *ante.*

*Messrs. Sutherland and Judd* for the appellant.

The findings must precede the judgment and are the
foundation for the judgment. *Russell* v. *Armador,* 2
Cal., 305; *Vermule* v. *Shaw,* 4 Cal., 214; *Brown* v. *Brown,*
3 Cal., 111; *Lyons* v. *Lyons,* 18 Cal., 448, holds that the
same rule applies to equity causes.   A judgment cannot
stand unless there are full findings which respond to all
the material issues. *Dowd* v. *Clark,* 51 Cal., 262; *Vancourt* v. *Winterston,* 61 Cal., 615.   The court says in its
former opinion that it makes no difference how erroneous
the findings may be if the decree is right.   This is in
effect brushing away the statute.   The cause has been
decided upon a point not made or argued.   And the facts
show that the matter was a partnership matter and the
statute of frauds could not apply.

*Mr. A. R. Heywood* for the respondents.

BLACKBURN, J.:

We adhere to the opinion that the contract this action
seeks to enforce is a parol contract for the purchase of
land with a part payment of the purchase money, and is
within the statute of frauds, and cannot be enforced in a
court.   But the contention of counsel is that the findings
of fact by the court below are not supported by the evidence, and on that account the cause should be remanded,

and a new trial be had, even if the decree is right and fully supported by the evidence. This contention cannot be maintained. This is a suit in equity, and, even if the findings of the court below have the force under our statute of the verdict of a jury, it does not follow that the decree should be set aside and a new trial ordered, where the decree is the one that ought to be made on the evidence. The fundamental principles and doctrines of courts of chancery are not abolished by the new precedure; their practice is only modified to a limited extent. 1 Pom. Eq. Jur., Sec. 84; *Improvement Co.* v. *Bradbury,* 132 U. S., 509; 10 Sup. Ct. Rep., 177. In an equity cause, the findings of a jury are not binding on a chancellor. He may do any one of three things in reference thereto: He may set aside the verdict of the jury, and order a new trial; he may set the findings aside; or he may pay no attention to them, and render the decree the evidence justifies. *Improvement Co.* v. *Bradbury, supra.* Therefore, if the findings of the court in a cause in equity have the force of the findings of a jury, the court may disregard them, and render the proper decree; and error cannot be assigned upon these findings; and the appellate court should not be governed by these findings when all the evidence in the case is in the record. It need only look into the evidence, and see that the proper decree is made. It would be a legal monstrosity if an appellate court was compelled to set aside a proper decree made on the evidence, and order a new trial, because the court below blundered in any or all of its findings. A rehearing must be denied.

ZANE, C. J., and ANDERSON, J., concurred.