## KOHN v. McNULTA.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 105. Submitted January 4, 1893. — Decided January 16, 1893.

The verdict of a jury upon an issue submitted to it by order of a Court of Chancery is advisory only, and is binding upon the court only so far as it chooses to adopt it.

A servant of a railroad company, employed in coupling freight cars together, who is well acquainted with the structure of the freight cars of his employer, and also with those of other companies sending freight cars over his employer's road differing from his employer's cars in structure and in the risk run in coupling them, assumes, by entering upon the service, all ordinary risks run from coupling all such cars.

ON April 29, 1887, appellant entered into the employ of the defendant, the receiver of the Wabash, St. Louis and Pacific Railway Company, as a switchman in the yards of the company at Toledo, Ohio. He continued in such employ until the 11th of July, 1887, on which day, in attempting to couple two

freight cars, his arm was caught between the deadwoods and crushed. Thereafter, he filed his petition of intervention in the Circuit Court of the United States for the Northern District of Ohio, the court which had appointed McNulta receiver, and in which the foreclosure proceedings were still pending. At first his intervening petition was referred to a master, but afterwards, on his motion, the order of reference was set aside and a jury called and empanelled. The testimony having all been received, the court left to the jury the single question of the amount of damages which the intervenor should recover, if entitled to recover anything, and the jury in response thereto found that his damages were $10,000. The court, however, on an examination of the testimony held that no cause of action was made out against the receiver, set aside the verdict of the jury, and dismissed the petition. From which decision the intervenor brought his appeal to this court.

*Mr. J. K. Hamilton* for appellant.

I. Whether the court can or cannot take a case from the jury and direct a nonsuit, especially under the Federal practice, is a question with which, no doubt, this court is more familiar than counsel and we shall not discuss it. The rule laid down in Moak's Underhill on Torts, page 317, is doubtless correct, which is, "whether there is *reasonable* evidence to be left to the jury of negligence occasioning the injury complained of is a question for the judge. It is for the jury to say whether and how far the evidence is to be believed." To this should be added what appears in another rule on page 318 of the same work: "If the facts depend upon the credibility of witnesses or upon inferences to be drawn from the circumstances proved, then it is the right of the plaintiff to have the question submitted to the jury."

II. It is the duty of a railroad company to make such regulations or provisions for the safety of its employés as will afford them reasonable protection against the danger incident to the performance of their respective duties. If there exist facts known to the employer, and unknown to the employé,

increasing the risk of such employment beyond its ordinary hazards, the employer is bound to disclose such facts to his employé, otherwise he will be liable as for negligence in case of injury resulting to the latter by reason of such unusual risks. *Smith* v. *St. Louis &c. Railway*, 69 Missouri, 32 ; *Porter* v. *Hannibal & St. Jos. Railroad*, 71 Missouri, 66 ; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572; *Dorsey* v. *Phillips & Colby Cons. Co.*, 42 Wisconsin, 583 ; *Lawless* v. *Conn. River Railroad*, 136 Mass. 1; *Forsyth* v. *Hooper*, 11 Allen, 419; *Cayzer* v. *Taylor*, 10 Gray, 274; *S. C.* 69 Am. Dec. 317; *Clarke* v. *Holmes*, 7 H. & N. 937 ; *Baxter* v. *Roberts*, 44 California, 187; *Williams* v. *Clough,* 3 H. & N. 258; *Hill* v. *Gust*, 55 Indiana, 45 ; *O'Connor* v. *Adams*, 120 Mass. 427; *Walsh* v. *Peete Valve Co.*, 110 Mass. 23; *Keegan* v. *Kavanaugh*, 62 Missouri, 230; *Hough* v. *Railway Co.*, 100 U. S. 213; *Northern Pacific Railroad* v. *Mares*, 123 U. S. 710.

*Mr. Wells H. Blodgett* for appellee.

Mr. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

So far as the mere matter of procedure is concerned, there was obviously no error. The intervention was a proceeding in a court of equity, and that court may direct a verdict by a jury upon any single fact, or upon all the matters in dispute; but such verdict is not binding upon the judgment of the court. It is advisory simply, and the court may disregard it entirely, or adopt it either partially or *in toto. Barton* v. *Barbour*, 104 U. S. 126; 2 Daniell's Chancery Pl. and Pr., 5 ed. 1148, and cases cited in note ; *Idaho & Oregon Land Improvement Co.* v. *Bradbury*, 132 U. S. 509, 516, and cases cited.

With respect to the merits of the case, the decision of the court was also clearly correct. The intervenor was twenty-six years of age ; he had been working as a blacksmith for about six years before entering into the employ of the defendant; he had been engaged in this work of coupling cars in the company's yard for over two months before the accident, and was

therefore familiar with the tracks and condition of the yard, and not inexperienced in the business. He claims that the Wabash freight cars, which constituted by far the larger number of cars which passed through that yard, had none of those deadwoods or bumpers; but inasmuch as he had in fact seen and coupled cars like the ones that caused the accident, and that more than once, and as the deadwoods were obvious to any one attempting to make the coupling, and the danger from them apparent, it must be held that it was one of the risks which he assumed in entering upon the service. A railroad company is guilty of no negligence in receiving into its yards, and passing over its line, cars, freight or passenger, different from those it itself owns and uses: *Baldwin* v. *Railroad Co.*, 50 Iowa, 680; *Indianapolis & Bloomington Railroad* v. *Flanigan*, 77 Illinois, 365; *Michigan Central Railroad* v. *Smithson*, 45 Michigan, 212; *Hathaway* v. *Michigan Central Railroad*, 51 Michigan, 253; *Thomas* v. *Missouri Pacific Railway*, 18 S. W. Rep. 980, (Missouri Supreme Court.)

It is not pretended that these cars were out of repair, or in a defective condition, but simply that they were constructed differently from the Wabash cars, in that they had double deadwoods or bumpers of unusual length to protect the drawbars. But all this was obvious to even a passing glance, and the risk which there was in coupling such cars was apparent. It required no special skill or knowledge to detect it. The intervenor was no boy, placed by the employer in a position of undisclosed danger, but a mature man, doing the ordinary work which he had engaged to do, and whose risks in this respect were obvious to any one. Under those circumstances he assumed the risk of such an accident as this, and no negligence can be imputed to the employer. *Tuttle* v. *Detroit, Grand Haven &c. Railway*, 122 U. S. 189; *Ladd* v. *New Bedford Railroad*, 119 Mass. 412.

The decision of the Circuit Court was right, and it is

*Affirmed.*