FENLON *v.* DULUTH, SOUTH SHORE & ATLANTIC RAILWAY CO.

1. RAILROAD COMPANIES—NEGLIGENCE—INEXPERIENCED EMPLOYÉ
   —FAILURE TO INSTRUCT.

   Where, in an action against a railroad company by a brakeman for injuries received while attempting to couple cars supplied with double deadwoods, it appears from the plaintiff's own testimony that he saw and recognized the danger, and attempted to couple the cars in the manner in which he claims it should be done, it cannot be said that the accident happened by reason of defendant's failure to instruct him how to perform such service.

2. SAME.

Plaintiff having represented, at the time of seeking employment from the defendant, that he had had 27 days' experience, there was no negligence in failing to warn him of the danger in coupling such cars.

3. SAME—ASSUMPTION OF RISK.

The risk of injury in the manner stated was assumed by the plaintiff, he having been in defendant's employ for several weeks, during which time such cars were in constant use.

Error to Mackinac; Adams, J. Submitted January 9, 1896. Decided February 7, 1896.

Case by Thomas Fenlon against the Duluth, South Shore & Atlantic Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Henry Hoffman* (*A. B. Eldredge,* of counsel), for appellant.

*C. W. Bertch* and *J. J. Brown,* for appellee.

HOOKER, J. The plaintiff lost an arm in attempting to couple cars supplied with double deadwoods.

As the danger was obvious, and plaintiff's own testimony shows that he saw and recognized the danger, and attempted to couple the cars by reaching under the deadwoods, in the manner that he testified that it should be done, it can hardly be said that the accident happened by reason of the failure of the defendant to instruct him how to couple such cars.

He sought employment, saying that he had 27 days' experience. We may reasonably presume that he meant that the defendant should understand that he had 27 days' experience as a brakeman, as that was the kind of a job he obtained, and that was the kind of experience that he had previously. There was nothing to indicate to the defendant that he was familiar with but one kind of car, or that he was unfamiliar with double deadwoods. He worked from some time in June until

August 5th on a road where such cars were in common use, and it is shown that he frequently worked upon trains containing them. He admits that he saw them, and does not deny that he worked on a train that had "a whole lot of those cars," but does not remember of coupling any of them. We think that there was an absence of evidence tending to establish negligence upon the part of the defendant. A similar case is that of *Kohn* v. *McNulta*, 147 U. S. 238.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.