JENKINS, Circuit Judge
(after stating the facts as above). The-test of liability is failure in the discharge of duty. Unless the-master stood in breach of duty in hauling, as part or this freight train, a switch engine of the construction of the one in question, responsibility for the injury here cannot justly be imposed upon him-This switch engine was not being operated. Bane had no concern with it except as it constituted part of the freight train being hauled-Neither the hand rail nor the footboard was for use in connection with the operation of the train. Bane used these instrumentalitiesas a convenience in an attempt to cross from one side to the other of the train. He assumed, without examination, that with respect to-the hand rail the switch engine was of like construction to some others with which he was familiar, and that the hand rail was continuous across the engine. Liability is asserted upon the broad pretense that the master had no right to haul a switch engine in this-train unless it was equipped with a continuous hand rail across the rear end. The contention cannot be upheld. The master owes no-duty to the servant to provide cars or engines of but one pattern. ■ There rests no such obligation upon the master. "A railroad company is guilty of no negligence in receiving into its yards, and passing over its line, cars, freight or passenger, different from those- *990 itself owns and uses.” Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298. In that case liability was asserted because a foreign car, having deadwoods or bumpers, was hauled in a train with other cars, which had none,, and thereby the danger of coupling was enhanced. There, as here, the cars were not out of repair or in defective condition. They were merely of different construction. The court observed:
“But all this was obvious to even a passing glance, and the risk which there was in coupling such cars was apparent. It required no special skill or knowledge to detect it. The intervener was no boy placed by the employer In a position of undisclosed danger, but a mature man, doing the ordinary work which he had engaged to do, and whose risks were in this respect obvious to any one. Under those circumstances, he assumed the risk of such an accident as this, and no negligence can be imputed to the employer.”
The master has the right to haul over his road cars or engines of different construction, particularly if they are in ordinarily safe condition. The risk in operation is assumed by the servant, although it is thereby enhanced, provided the risk be apparent, not requiring special skill or knowledge to detect it. In such case the master and the servant stand on common ground, with equal means of knowledge. If the hand rail in question can be said to have been of defective construction, because not continuous, the defect was obvious, and open to the observation of all. In such case the servant assumes the risk. Railroad Co. v. Meyers, 46 U. S. App. 226, 236, 22 C. C. A. 268, and 76 Fed. 443. The court should therefore have withdrawn the case from the jury. The judgment is reversed, and the cause remanded, with directions to award a new trial.