## NAEGLIN *v.* DE CORDOBA.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 85.    Argued October 13, 1898. — Decided October 24, 1898.

An order signed in vacation by the several members of the Supreme Court of the Territory of New Mexico cannot be considered an order of the court.

The statutes of New Mexico provide that, in the absence of legitimate children, illegitimate children inherit.

A natural guardian has no power to release the claim of a ward to an inheritance without the sanction of some tribunal.

On March 29, 1886, the appellees, Doloritas Martin de Cordoba *et al.*, filed their bill in the district court of the county of Mora, fourth judicial district, Territory of New Mexico, to establish their rights as the children and heirs of one Frederick Metzger. After answer the case was referred to a master, who reported findings of fact and conclusions of law in favor of the plaintiffs. Upon a hearing in the district court a decree was entered adversely to the conclusions of the master and for the defendants. On appeal to the Supreme Court of the Territory that decree was on August 24, 1895, reversed, and one entered remanding the case to the district court, with instructions to enter a decree in conformity with the findings and conclusions of the master. Thereupon the defendants appealed to this court.

At the time of entering the decree, and also of overruling

a petition for rehearing, no statement of facts was prepared by the Supreme Court, and no other determination of the facts than such as appears from the direction to enter a decree in conformity with the findings and recommendations of the master. But after the Supreme Court had adjourned, an application was made to have the findings of fact made by the master incorporated into the record as a statement and finding of facts by that court, for the purpose of an appeal, and upon that application the following order was entered:

"And now the foregoing statement and finding as to the facts proven and established by the evidence in each of said causes are ordered to be incorporated in the record of said Supreme Court as part thereof as fully as we may be thereunto empowered, the July term of the Supreme Court having been adjourned on the 26th day of September, A.D. 1896, and this order made and signed by each of the judges while in his district respectively.

THOMAS SMITH, *Chief Justice.*
NEEDHAM C. COLLIER,
*Associate Justice, Supreme Court of New Mexico.*
"Signed at Silver City, in the third judicial district.
GIDEON D. BANTZ,
*Associate Justice of the Supreme Court of New
Mexico and Presiding Judge of the Third
Judicial District Court.*
"Signed at Santa Fé, N. M., in the first judicial district.
N. B. LAUGHLIN,
*Associate Justice of the Supreme Court and
Judge of the First Judicial District.*"

It appears from the bill, answer and findings that Frederick Metzger, though an unmarried man, was the father of several children by different women, and this suit is one between these several illegitimate children to determine their respective rights to share in his estate. The counsel for appellants says in his brief: "The bill of complaint and the testimony present for determination of the court two questions: First, what estate

and property did Metzger own at the time of his death? and, second, who is entitled to that estate?"

*Mr. Harvey Spalding* for appellants.

No appearance for appellees.

MR. JUSTICE BREWER delivered the opinion of the court.

No question is made in this record as to the admission or exclusion of testimony. There being no jury the case comes here on appeal, and the only question we can consider is whether the findings of fact sustain the decree. Act of April 7, 1874, c. 80, 18 Stat. 27; *Stringfellow* v. *Cain,* 99 U. S. 610; *Cannon* v. *Pratt,* 99 U. S. 619; *Neslin* v. *Wells,* 104 U. S. 428; *Hecht* v. *Boughton,* 105 U. S. 235, 236; *Gray* v. *Howe,* 108 U. S. 12; *Eilers* v. *Boatman,* 111 U. S. 356; *Zeckendorf* v. *Johnson,* 123 U. S. 617; *Sturr* v. *Beck,* 133 U. S. 541; *Mammoth Min. Co.* v. *Salt Lake Foundry & Machine Co.,* 151 U. S. 447.

The order signed in vacation by the several members of the Supreme Court cannot be considered an order of the court. Assuming, however, for the purposes of this case, that, in view of the general language in the opinion of the court, we may take the findings of the master as its statement of facts, we observe that no doubtful question of law is presented for our determination. The master finds that Metzger was the father of the appellees, and that he owned certain property. These are questions of fact, resting upon testimony, concluded, so far as this court is concerned, by the findings, and into which it is not our privilege to enter.

While under the common law illegitimate children did not inherit from their father, the statutes of New Mexico introduced a new rule of inheritance (Comp. Laws, New Mexico, 1884, tit. 20, c. 4, sec. 1435, p. 680): "Natural children, in the absence of legitimate, are heirs to their father's estate, in preference to the ascendants, and are direct heirs to the mother if she die intestate." In other words, under this stat-

ute, there being no legitimate children, illegitimate children inherit.

It appears that on March 19, 1875, and while Metzger was living, the mother of these plaintiffs, then minors, in her own right and for the minors, receipted and relinquished all claims against him. Without stopping to consider what was meant by that release, and giving to it all the scope which its language may suggest, we remark that a natural guardian has no power to release the claim of a ward to an inheritance without the sanction of some tribunal. Woerner's American Law of Guardianship, p. 185, and following.

The decree is

*Affirmed.*