**WOODS, Acting Housing Expediter, v. BOOLUKOS.**

No. 12253.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1948.

WALLER, Circuit Judge, dissenting in part.

Francis X. Riley, Sp. Lit. Atty., OHE, Ed Dupree, Gen. Counsel, OHE, and Hugo V. Prucha, Asst. Gen. Counsel, OHE, all of Washington, D. C., and Taylor N. House, Chief Regional Rent Lit. Unit, OHE, of Atlanta, Ga., for appellant.

Ralph R. Quillian, of Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for restitution and statutory damages pursuant to Secs. 205(a) and (e) of the Emergency Price Control Act, as amended,[1] for alleged rent overcharges in violation of the rent regulation for housing.[2] There were three claims: (1) That the defendant, in violation of Sec. 2(d) of the regulation, received a security deposit in the sum of $480; (2) that instead of charging the maximum rent of $65. per month furnished, fixed for the premises, defendant charged $80.00 per month unfurnished; and (3) that, in violation of Secs. 9(a) and 9(b) of the regulation, defendant tied in with the renting of the premises the purchase for $1000.00 of the furniture already in it.

The defendant, answering with a denial, the cause was tried to a jury, and when plaintiff rested, after offering evidence[3]

---

[1] 50 U.S.C.A.Appendix, § 901 et seq.

[2] 10 F.R. 13,528.

[3] This was: That defendant charged and collected a rent of $80 per month for the premises by requiring a deposit of $480 in advance for a six months' period; beginning 8-20-46; that the tenant paid her $1000 for the furniture; that the tenant moved out of the premises after four months leaving the furniture behind; and that defendant had not made him any refund.

The witnesses were Nelson the tenant, and Taylor, the rent director for the Atlanta area.

The tenant testified that the defendant agreed to rent the premises to him "if I would buy the furniture at a price of $1000 and pay the six months rent in advance at $80.00 per month"; that

"the furniture was used and not in too good condition, not badly banged up or scarred, but it had seen considerable use"; that when he left on December 3, 1946, he left the furniture in the premises; and that the defendant had not made any refund to him of any overcharge."

The witness Taylor testified: that prior to this renting to Nelson, the maximum ceiling price on the premises had been fixed at $65 per month.

On cross-examination, defendant developed from Mr. Taylor that the defendant, as landlord, had come to him with a registration statement fixing the rental at $80 per month unfurnished, and that he had told her that the registration was not a good one under the regulations.

on all the charges, defendant, without putting on any evidence, asked for and obtained a directed verdict.

The ground of the motion for directed verdict was that there had been no proof of any maximum legal rent lower than the $80 charged, and that the registration of this sum as the rent to be charged was effective to fix it as such.

After a considerable discussion period in which plaintiff contended that the proof showed, as matter of law, a maximum rental of $65, that there had been an overcharge, and that there was a violation in the sale of the furniture as a tying in transaction, but said nothing about the security advance, the court directed a verdict for the defendant.

Plaintiff is here insisting that the direction of the verdict was wrong in three particulars: (1) The evidence was undisputed that the maximum rent was $65 instead of $80; (2) it was also undisputed that a security deposit was exacted; and (3) that the evidence made out a case for the jury upon whether there was a tying in agreement for the sale of the furniture.

We think it clear: That the evidence on the tie-in agreement, at worst for plaintiff, made an issue of fact; that appellant is right in his contention that a verdict for defendant on that issue should not have been directed; and that because of its direction, the case must be reversed. In view of the fact that the direction came before the case had been fully developed, and the record on another trial may not be the same, we refrain from determining the other points made by appellant, that the jury should have been instructed that the maximum rent was $65.00 and that the defendant had violated the regulations by charging $80.00 per month and by exacting a security deposit. We leave those questions for determination on another trial under the evidence as then developed. The judgment is reversed and the cause is re-manded for further and not inconsistent proceedings.

WALLER, Circuit Judge (concurring in part and dissenting in part).

The testimony is undisputed that the Appellee paid around $1,200 for the furniture that she sold to the tenant for $1,000 and that it was worth the price that she obtained. I agree that there was sufficient evidence to raise the issue as to whether or not there was a tie-in agreement for the purchase of the furniture, but it is my view that even though there was such a tie-in agreement, nevertheless, restitution cannot be had in this case for the amount paid for the furniture if it was worth the price paid, and if the tenant was not obligated to return or redeliver the furniture to the landlord, and the questions as to whether or not the tenant abandoned the furniture or whether he left it in the apartment in conformity with the alleged tie-in agreement are questions of fact. If the furniture was worth the price paid, and if the alleged tie-in agreement did not require tenant to redeliver or return the furniture to the landlord, and he merely abandoned it or left it in the apartment in order that suit for its purchase price might be thereby advanced or aided, a recovery of the entire purchase price by the tenant should not be allowed. He should not have his cake and eat it, too.

The right of restitution is derived from the tenant, and if it would be inequitable for the tenant to have restitution, it would be inequitable for the Expediter to secure restitution to the tenant. See Porter v. Warner Holding Company, 328 U.S. 395, text 402, 66 S.Ct. 1086, 1091, 90 L.Ed. 1332, wherein the Court said that the Administrator asks the court to act in the public interest by restoring the status quo "and ordering the return of *that which rightfully belongs to the purchaser or tenant.*" So, if the right to have restitution, and at the same time to keep furniture, does

---

In answer to inquiries about the sale of the furniture, Taylor testified that defendant had told him she had sold the tenant the furniture, and he further testified: "Based on the evidence before me, I took the position that she sold the furniture under a tying agreement, and we discussed it at length. I told her that the $80.00 registration was not the proper registration under the regulations, and I explained to her the requirements of the regulations."

not rightfully belong to the tenant, such right should not be accorded in a proceeding for restitution under Sec. 205(a) of the Act.

Moreover, restitution of any rental overcharge, as represented in this case by the alleged tie-in agreement for the purchase of the furniture, is a proceeding under Sec. 205(a), Sec. 925(a) of Title 50, U.S.C.A. Appendix, and is an entirely equitable proceeding, to be decided by the judge and not by the jury. See Porter v. Warner Co., 328 U.S. 395, 66 S.Ct. 1086, 1090, 90 L.Ed. 1332, wherein the Court, speaking of restitution, said:

"* * * To the extent that damages might properly be awarded by a court of equity in the exercise of its jurisdiction under § 205(a), * * * § 205(e) *supersedes that possibility and provides an exclusive remedy relative to damages*. It establishes *the sole means* whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties. Moreover, a court giving relief under § 205(e) acts as a court of law rather than as a court of equity. But with the exception of damages, § 205(e) in no way conflicts with the jurisdiction of equity courts under § 205(a) to issue whatever 'other order' may be necessary to vindicate the public interest, * * *.

"Restitution, which lies within that equitable jurisdiction, is consistent with and differs greatly from the damages and penalties which may be awarded under § 205(e). Bowles v. Skaggs, supra, 6 Cir., 151 F.2d [817], 821. *When the Administrator seeks restitution under § 205(a) he does not request the court to award statutory damages to the purchaser or tenant or to pay to such person part of the penalties which go to the United States Treasury in a suit by the Administrator under § 205 (e).*" (Emphasis added.)

The verdict of the jury was, under Rule 39(c), Federal Rules of Civil Procedure, 28 U.S.C.A. purely advisory and not binding on the judge [1] in the absence of a stipulation on the part of counsel for both parties that the issues should be tried by a jury.

The question as to the right of the tenant to restitution of the amount paid for the furniture being an equitable one for the court and not for the jury, it was not reversible error to decline to submit that phase of the case to the jury.

I agree that in a proceeding under Sec. 205(e) for triple damages to the plaintiff, a trial by jury was proper. I concur in the view of the majority that questions of fact were raised as to the overcharge and as to the allegation that the sale of the furniture was a tie-in sale. Whether the question of fact as to the existence of

---

[1] See Kohn v. McNulta, 147 U.S. 238, text 240, 13 S.Ct. 298, 37 L.Ed. 150, wherein the Court said:

"So far as the mere matter of procedure is concerned, there was obviously no error. The intervention was a proceeding in a court of equity, and that court may direct a verdict by a jury upon any single fact, or upon all the matters in dispute. But such verdict is not binding upon the judgment of the court; it is advisory simply, and the court may disregard it entirely, or adopt it either partially or in toto. Barton v. Barbour, 104 U.S. 126 [26 L.Ed. 672]; 2 Daniell's Chancery Pl. and Pr., 5th Ed. 1148, and cases cited in note; [Idaho & Oregon Land] Improvement Co. v. Bradbury, 132 U.S. 509, 516, 10 S.Ct. 177, 179 [33 L. Ed. 433], and cases cited."

See also Perkins v. Prudential Ins. Co. of America, 7 Cir., 69 F.2d 218, text 221, on petition for rehearing, wherein the Court said:

"Appellant in her petition for rehearing again urges error in the action of the District Court in discharging the jury without permitting it to determine the issues of fact. There was no error in this. The action was in a court of equity where it is a matter of discretion as to whether a jury will be used at all. Idaho & Oregon Land Improvement Co. v. Bradbury, 132 U.S. 509, 10 S.Ct. 177, 33 L.Ed. 433. Even if the court does submit the issues to the jury, the verdict is not binding upon the court, and may be followed or disregarded in the discretion of the court. Kohn v. McNulta, 147 U.S. 238, 13 S.Ct. 298, 37 L.Ed. 150. Hence it must follow that even if a jury is permitted to hear the evidence it is not mandatory upon the court to submit the case to that jury if after hearing the evidence it chooses not to do so."

overcharge is one for the jury or one for the court depends upon whether the proceeding is under 205(e) for triple damages, in which the question would be one for a jury to determine, or whether it is an equitable proceeding for restitution under 205(a), when it would be a question for the judge. The question of whether restitution should be allowed under 205(a) is at all times one for the court except when both parties consent to a trial by jury under Rule 39(c), F.R.C.P.