## DAVIS *v.* FREDERICKS.

The court affirms the decree below, dismissing the complainant's bill, it appearing that the lands which he seeks to subject to the payment of his claim belong to the wife of his debtor, and that the purchase-money therefor was paid with funds constituting a part of her separate property.

APPEAL from the Supreme Court of the Territory of Montana.

The facts are stated in the opinion of the court.

*Mr. Richard T. Merrick* and *Mr. Martin F. Morris* for the appellant.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Section 2 of the act of April 7, 1874, c. 27 (18 Stat., pt. 3, p. 27), " concerning the practice in territorial courts and appeals therefrom," is as follows : —

" That the appellate jurisdiction of the Supreme Court of the United States over the judgments and decrees of said territorial courts in cases of trial by jury shall be exercised by writ of error, and in all other cases by appeal according to such rules and regulations as to form and modes of proceeding as the said Supreme Court have prescribed or may hereafter prescribe : *Provided,* that

on appeal, instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence when excepted to, shall be made and certified by the court below; and transmitted to the Supreme Court together with the transcript of the proceedings and judgment or decree; but no appellate proceedings in said Supreme Court, heretofore taken upon any such judgment or decree, shall be invalidated by reason of being instituted by writ of error or by appeal."

As such appeals lie to this court only from the Supreme Court of a Territory (Rev. Stat., sect. 702), it follows that the statement, both as to facts and rulings on which we are to act, must be made directly or indirectly by that court. In *Stringfellow* v. *Cain* (99 U. S. 610), we said that where, under the practice in a Territory, a case went from the District Court to the Supreme Court on a·statement of facts, and there was a general judgment of affirmance, the statement of facts made by the District Court, thus approved and enforced by the Supreme Court, would be accepted here as a "statement of facts" made by the Supreme Court under the requirements of this act. And so, too, if there was a reversal of the decree of the District Court and a different decree entered in the Supreme Court upon the facts as stated. In the present case there was no statement of facts made by the District Court. The only questions presented to the Supreme Court were those which arose on the rulings of the District Court in the admission or the rejection of evidence, and in its charge to the jury impanelled to try certain questions prepared and submitted to them. The judgment having been affirmed, Davis, the appellant, asked that a statement of facts be made by the Supreme Court and certified up with the transcript of the proceedings on an appeal. This request was complied with, and from the statement made it appears that prior to July 1, 1871, he held the title to a certain saw-mill, which on that day he conveyed by deed, with covenants of warranty, to the appellee, Sarah J. Fredericks, and William H. Drew. Afterwards, in 1872, Davis and Drew built a flouring-mill on another piece of land, which they continued to own in common until March 30, 1874, when Drew sold his half to Mrs. Fredericks for $2,000; which she

paid him in cash from her own separate funds. On the same day she sold and conveyed to Drew her half of the saw-mill, receiving in payment certain notes and securities. She subsequently began this suit against Davis to obtain a partition of the flouring-mill property. As the property was indivisible, a sale was necessary to effect the partition.

In March, 1875, Davis sued the husband of Mrs. Fredericks, and attached as his property the half of the flouring-mill standing in her name. In the partition suit, Davis insisted that she held the property in fraud of his rights as an attaching creditor of her husband, and he attempted to make proof of that fact so that he might reach by his attachment the part of the proceeds of the sale that would otherwise be set off to her. For this purpose he offered to prove that his own conveyance to her of the one-half of the saw-mill was in fraud of his own rights as a creditor of her husband. This, as appears from the statement, the Supreme Court ruled he was estopped by his deed to her from doing.

The assignments of error relate principally to the questions arising on this ruling, but we deem it unnecessary to consider them, as we agree with the court below that, in view of the other facts which have been directly found, it is wholly immaterial whether there was fraud in the saw-mill transaction or not. It is expressly stated that Mrs. Fredericks paid for the flouring-mill in cash from her own separate funds, and with this found there is nothing whatever in the case to impeach or in any manner invalidate the conveyance from Drew to her.

*Decree affirmed.*