In re HUNTLEY.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1898.)

No. 401.

1. INJUNCTION—VOID FOR UNCERTAINTY—CONTEMPT.
   A decree requiring the several defendants, in diverting water for their respective branches, to allow a sufficient quantity to flow down the natural channel, so that after a certain third person, who is not a party, shall have "used all the water to which he is entitled under his water right, there shall be left remaining * * * sufficient water to carry and conduct 150 inches, statutory measurement," to the head gate of complainant, is void for uncertainty, so that contempt proceedings cannot be based upon it.

2. INJUNCTION.
   A decree requiring defendants to allow a sufficient quantity of water to flow in a stream, so that after a person named, who is not a party, shall have diverted all the water to which he is entitled, there shall be left enough to carry "150 inches, statutory measurement," to complainant's premises, is void for uncertainty, so that no contempt can be based on its alleged violation.

E. N. Harwood, for petitioner.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This is an application by Abraham L. Huntley to this court, in the exercise of its original jurisdiction, for a writ of habeas corpus to relieve him from the custody and alleged unlawful imprisonment in which he is held by William McDermott, United States marshal for the state of Montana, by virtue of an order of the United States circuit court for the district of Montana. Annexed to and made a part of the petition for the writ are duly-certified copies (1) of the bill of complaint, findings, and decree, which form the basis of the contempt proceedings under which the prisoner was imprisoned; (2) of the affidavit charging the petitioner with a violation of the provisions of that decree; (3) of the proceedings on that affidavit, culminating in the judgment adjudging the petitioner guilty of a contempt of court in violating the provisions of its decree; and (4) of the commitment based on that judgment, under which the petitioner is held. In addition to the petition for a writ of habeas corpus, the petitioner also asks for a writ of certiorari, if, in the opinion of the court, such writ should be necessary, in order to bring up those records. But, as certified copies of them are annexed to the petition, we think they may be considered by the court, as was done in Re Chapman, 166 U. S. 661, 17 Sup. Ct. 677, and in Re Burrus, 136 U. S. 586, 10 Sup. Ct. 850.

The complaint in the suit which formed the basis of the proceedings against the petitioner was a bill filed in the United States circuit court

for the district of Montana by Thomas N. Howell against Joseph H. Graham, Tillman C. Graham, Allen Graham, Allen P. Graham, Michael Wrote, John Bowlar, Fred C. Cook, George Miller, Clarence Kirk, Abraham L. Huntley, John Widman, George B. Teetles, John Miner, Baxter Zachary, and James Pauley, in which the complainant alleged his citizenship of the state of Wyoming, and the citizenship of the defendants to the suit to be in the state of Montana; that for the period of four years then last past the complainant had had and enjoyed the possessory right to certain described tracts of agricultural and arid lands of the government in the county of Fremont, state of Wyoming, aggregating 160 acres, which lands required artificial irrigation to produce any kind of crop, and that since August 1, 1890, the complainant had had the use of, and the right to use, all the waters of a certain creek, called "Sage Creek," for the purpose of irrigating the said lands; that the complainant appropriated all of the said waters for the purposes stated, in accordance with the laws of the state of Wyoming, as also those of the state of Montana, and had continuously used and appropriated the same to those purposes; that such appropriation was made by the complainant on the 1st day of August, 1890, by constructing a dam and a ditch tapping the stream at a point on the S. W. ¼ of the S. W. ¼ of section 18, township 57 N., of range 97 E., in the county of Fremont, state of Wyoming, which ditch was at all times provided with a lawful head gate for the regulation and measurement of the flow of the water through the ditch, and that the ditch and head gate were at all times capable of carrying, and did carry, when there was sufficient water flowing in the stream, 500 inches, statutory measurement, of the waters of Sage creek; that from the time of the appropriation the complainant used the said waters under a claim of right, and adversely to the defendants and to each of them, without let or hindrance from them or any person, until within a year then last past, during which year the defendants settled upon Sage creek and its tributaries, in the state of Montana, and constructed dams, dikes, and ditches, and other obstructions, in the creek and its tributaries, by means of which they diverted large quantities of the waters from the stream and its tributaries to and upon lands claimed and occupied by them, respectively, in the state of Montana, thereby wholly depriving the complainant of the use and enjoyment of such waters, so that during a portion of the summer then last past the complainant was not able to get a sufficient supply of water for irrigating his crops planted and growing on his lands in the state of Wyoming, and that late in the summer season then last past the defendants took all of the water of the stream and its tributaries, thus depriving the complainant of the whole of the amount of the waters of Sage creek appropriated by him prior to the appropriation or use of the same by the defendants, or either of them, to the damage of the complainant; that the defendants threatened to continue to so divert and use the waters of Sage creek and its tributaries, in the state of Montana, notwithstanding the rights of the complainant, and in defiance of those rights, by reason of which the complainant prayed an injunction against the defendants' interference therewith. The decree of the court rendered in that suit recites that it was tried before the court

without a jury on the 18th day of June, 1894, upon evidence introduced by the respective parties in support of their respective pleadings, upon which the court found the facts to be as follows:

"First. That the complainant, Thomas N. Howell, is now, and for six years last past has been, a citizen of the United States, and of the territory [now state] of Wyoming. Second. That for the period of four years last past the said complainant has had and enjoyed and [the] possessory right to all of those certain lands described in the bill of complaint herein, situated in the county of Fremont and state of Wyoming, to wit: [Describing the various subdivisions of public lands occupied by the complainant.] Third. That said lands are agricultural lands, and are arid, requiring artificial irrigation to produce any kind of crop thereon, and that the said Thomas N. Howell, complainant, has occupied and used said lands for agricultural and other purposes for a period of four years last past, and that he intends to so occupy and cultivate the same as such, and in good faith to acquire title thereto. Fourth. That the said Thomas N. Howell, complainant, on or about the 1st day of August, 1890, filed a water right and appropriated the waters of Sage creek, a tributary of the Stinking Water river, in the state of Wyoming, and constructed the necessary dams, ditches, and other appliances for diverting and conducting said water upon his said lands, and that since said time he has used said waters of said creek for irrigation and other purposes on said lands, and that the use thereof is necessary to the production of crops thereon. Fifth. That the complainant, Thomas N. Howell, is the owner of the proper use of one hundred and fifty (150) inches, statutory measurement, of the waters of the said Sage creek, in the state of Wyoming, appropriated as aforesaid, and that such ownership, use, and appropriation of said 150 inches of waters of said stream are prior and paramount to the appropriation and use thereof by the defendants and each of them. Sixth. That the defendants have wrongfully diverted the waters of said stream as alleged in the bill of complaint herein, to the damage of the complainant in the sum of one dollar."

As a conclusion from these findings, which are embodied in the decree, the court adjudged and decreed:

"That the said complainant, Thomas N. Howell, is the owner of, and entitled to the use and enjoyment of, 150 inches, statutory measurement, of the waters of said Sage creek, for agricultural and other purposes, upon his said lands lying in the said county of Fremont and state of Wyoming, as against each and all of the defendants herein; and the said defendants, Joseph H. Graham, Tilman C. Graham, Allen Graham, Allen P. Graham, Michael Wrote, John Bowlar, Fred C. Cook, George Miller, Clarence Kirk, Abraham L. Huntley, John Widman, George S. Teetles, John Miner, Baxter Zachary, and James Pauly, and each and all of them, and each and all of their employés, agents, servants, lessees, and all persons acting under their directions or authority, or claiming under them or any of them, be, and they are hereby, until the further order of this court, enjoined and restrained from in any way obstructing the flow of the water of said Sage creek, or from in any way diverting the same from the natural channel of said Sage creek, so as to deceive [deprive] of [or] interfere with the use of the said 150 inches of the waters of said Sage creek by the said Thomas N. Howell, complainant; and the said defendants and each of them, their agents, attorneys, servants, and employés, and all other persons acting for or by authority of any of them, are hereby ordered and required to allow 150 inches of statutory measurement of the waters of said Sage creek to flow down to the ditch and head gate of the said Thomas N. Howell, complainant, in excess of the water of said stream heretofore appropriated by one John Morris, whose ranch and premises lie between the ranches of the said defendants and the said Thomas N. Howell, complainant; that is to say, that the defendants, and each of them, in conducting and diverting the waters of said stream for use upon their respective ranches, shall allow and permit a sufficient quantity of water to flow down the natural channel of said Sage creek, so that, after the said John Morris shall have diverted and used all the water to which he is entitled under his water right, there shall be left remain-

ing and running beyond the point of diversion of the said John Morris sufficient water to carry and conduct 150 inches, statutory measurement, of the waters of said Sage creek to the box and head gate of the said Thomas N. Howell, complainant, so that he at all seasons of the year may have the free use and enjoyment of 150 inches of the waters of said stream for irrigation, and for use on his said premises."

The affidavit upon which the contempt proceedings against the petitioner were instituted alleges, among other things, that this decree has never been modified, set aside, appealed from, or in any manner annulled, and that the same remains in full force and effect; that at sundry times since the rendering of the decree, to wit, during the irrigating seasons of the years 1894, 1895, and 1896, each and every one of the defendants to the decree willfully, knowingly, and maliciously violated and disregarded these provisions, in that the said defendants at sundry times during the irrigating seasons of the years mentioned diverted and used the waters of Sage creek, and the whole thereof, depriving the complainant in the suit of the 150 inches of the waters of Sage creek decreed to him by the decree, and that such violation of the decree was committed by the defendants with full knowledge of its terms and conditions, and against the repeated protests of the complainant, and out of disregard of his rights, and in contempt of the decree of the court.    Based upon that affidavit, the circuit court made an order requiring the defendants to the suit to show cause at a specified time and place why they should not be adjudged guilty of a contempt of the court in violating the provisions of its decree, to which order the petitioner, Huntley, responded and made answer.    A reference to a master to take proof in respect to the questions of fact raised in the contempt proceedings was made by the court, and, the master having filed his report of the evidence in the cause, the court, having considered the same, found that the defendant Huntley, the petitioner here, among others, had, with full knowledge of the decree, violated its provisions, in that he did not allow the water decreed to the complainant, Howell, to flow past his point of diversion down to the complainant, as provided in the decree, and thereupon adjudged the petitioner guilty of contempt of court, and imposed on him a fine of $100, together with costs of the proceedings, in default of which payment he should be, and was, committed to jail.    The petitioner being in jail, in the state of Montana, under a commitment issued upon and in pursuance of this judgment, at the time of the presentation to this court of the petition for the issuance of a writ of habeas corpus, and the circumstances being such that the matter could not be speedily heard, the court, in directing the entry and service on the marshal of a rule to show cause why the writ prayed for should not issue, also directed that in the meantime the petitioner be admitted to bail.    To the rule the marshal made return, in which he states that the petitioner, having been admitted to bail as directed by this court, was on October 13, 1897, discharged from custody.    And, as to the cause of his detention, he sets up the same proceedings that are annexed to, and made a part of, the petition for the writ.    The marshal also attached to the return an affidavit of O. F. Goddard, in which the affiant states:

That he was the solicitor for the complainant in the case of Howell v. Graham et al., and conducted the trial of that cause on the part of the complainant; "that the testimony of the witnesses in the said cause was not reduced to writing, but was given orally to the court, sitting without a jury, and that the witnesses in said cause testified, in substance, that one John Morris, a resident of the state of Wyoming, lived between the ranch occupied by the complainant, Howell, and the defendants, on Sage creek, the waters of which were in controversy in the said action, and that the said Morris was the first settler on the said stream, and was the first settler who appropriated and used the waters of the said stream for irrigating his lands situate thereon, in the state of Wyoming, and that his appropriation and use of the said water for such purposes was prior in time to the use and appropriation thereof by the complainant, Howell, and each and all of the defendants, and that he is informed and believes that the one hundred and fifty inches of water decreed to said Howell in the said action was made subject to the prior right to the use of the waters of the said creek by the said John Morris, for the reason that the said John Morris was a resident of the state of Wyoming, and was not made a party to the said action; and that the provisions of the said decree in relation to the right of the said Howell to one hundred and fifty inches of the waters of the said Sage creek, subject to the water right and the use of the water by the said Morris, was in the nature of a description of the said Howell's right to the use of the said water, rather than the adjudication of the right of the said Morris to the use of the waters of said stream."

In respect to this affidavit, it is sufficient to say that it cannot add to, or in any manner change, the record in the case of Howell v. Graham et al., and is without effect in this proceeding.

We find it unnecessary to consider the question, argued by counsel, whether the cause of action involved in that suit was within the jurisdiction of the circuit court for the district of Montana, for the reason that in our opinion the decree entered in that cause is void for uncertainty. It does not enjoin the defendants to the suit, or any of them, from using any of the waters of Sage creek, but, on the contrary, recognizes a right in them to divert and use a portion of those waters; but it is decreed that the defendants, and each of them, in diverting the waters of the stream for use upon their respective ranches—

"Shall allow and permit a sufficient quantity of water to flow down the natural channel of said Sage creek, so that, after the said John Morris shall have diverted and used all the water to which he is entitled under his water right, there shall be left remaining and running beyond the point of diversion of the said John Morris sufficient water to carry and conduct 150 inches, statutory measurement, of the waters of said Sage creek to the box and head gate of the said Thomas N. Howell, complainant, so that he at all seasons of the year may have the free use and enjoyment of 150 inches of the waters of said stream for irrigation, and for use on his said premises."

John Morris was not a party to the suit, and to how much, if any, of the waters of Sage creek, he is entitled, is nowhere made to appear. The amount of the waters of Sage creek the defendants were required to permit to flow down its natural channel was for this reason altogether indefinite and uncertain. Nor is the quantity decreed to the complainant, Howell, to wit, "150 inches, statutory measurement," much, if any, more certain. What statutory measurement is referred to by the decree nowhere appears. The purpose of a decree is to fix and determine the rights and obligations of the respective parties to it. One which wholly fails to do so is void for uncertainty. Such we deem to be the decree which is the basis of the proceedings under consideration. The writ will be issued as prayed for.

After the opinion was filed, to wit, on February 10, 1897, it was ordered that the orders entered therein on February 7th be amended by adding thereto the following: "Unless the parties are willing that an order of discharge shall be entered without further proceedings." Quoted from Ex parte Rowland, 104 U. S. 618.