PROVO STY, J.
A conveyor operating at a height of some 18 feet from the ground carries the refuse from the saw of defendant’s mill in the city of Plaquemine some distance out of the mill. A man stands on an elevated platform on the side of this conveyor near its end outside the mill, and, as the refuse passes him, selects therefrom such pieces of wood as may be useful, and, disposes of them by pitching them to the ground back of him, where they pile up, or into one or other of two chutes, according to their character. The wood thus thrown upon the ground is sold for firewood; and the plaintiff, an old colored man, was one of those who would come and buy drayloads of this wood and deliver same at private residences in the city. 1-Ie had been doing this for more than 20 years when the accident happened for which he has brought the present suit in damages. He had put his dray alongside of the pile of wood, and was in the act of stooping to pick up the first piece of wood to put on the dray, when a piece of wood pitched by the man 18 feet above struck him and broke his leg.
He says that when he got there the mill and the conveyor were not running and the man was not pitching wood; that the man knew he was there with his dray to get a load of wood, because when he got there he looked at the man and the man looked at him; that he got down from his dray at the front part and went to the tail end, and adjusted the pins for receiving the load, and then stooped to get the first piece of wood, and was struck.
[1,2] The other testimony in the case shows that just at that time the mill and the conveyor began running, and the man at the conveyor must have begun his work of pitching the wood. This man did not testify in the case. He had died before the trial. He knew the old man well; and there is no reason whatever for supposing that the injury was the result of anything hut an accident pure and simple. He could have avoided it by taking care, for the evidence shows that after the accident the wood was thrown so as to avoid doing further injury or imperiling those who came to the assistance of the old man. But the conveyor moves rapidly, and the operative selecting and distributing the refuse has to give all his attention to what he is doing, and work rapidly; hence the accident can well be attributed to forgetfulness on his part of-the presence of the old man.
This would not absolve the defendant company from liability, for the old man was on the premises on business, and therefore by implied invitation, and was entitled to have due care taken against injuring him; but he was familiar with the situation, and by putting himself within range of the falling pieces of wood he, too, was careless and negligent, and, having, thereby contributed to the injury, he cannot recover against defendant for it. In all probability the piece of wood that struck him had glanced or ricocheted in falling upon the pile of wood.
Judgment affirmed, at plaintiff’s costs.