PROVOSTY, J.
Plaintiff’s function at the sawmill of the defendant company was to attend to certain levers on the log carriage. The floor space where he stood was covered with old rubber belting, and underneath this covering several boltheads stood out an inch and a half from the floor, whereby the surface was made very uneven and rough. Along this- space plaintiff would have to take a step or two sometimes. In doing so he *635 stumbled on the rough floor, and got his foot caught in the machinery, with the result that he had to undergo successive operations, by which pne toe and then another was amputated and bones taken out, all of it attended by great suffering; and he sues in damages. The place might have been made smooth and safe by means of a piece of two inch board with holes in it for the boltheads. To have left it in that dangerous condition was negligence on the part of the defendant company; but plaintiff was an experienced workman; this danger was obvious to him— in fact, he admits having noticed the bolts the first time he went upon this log carriage, which was two or three weeks before the accident. Under these circumstances he must be held to have assumed the risk incident to this roughness of the floor. Christy v. Tremont Lumber Co., 129 La. 175, 55 South. 754. And so the learned trial judge, before whom the case was tried without a jury, found.
Judgment affirmed at plaintiff’s cost.