BRUNOT, J.
This is a suit for damages resulting from alleged injuries sustained by plaintiff while employed as a longshoreman on the docks at Chalmette, on April 10, 1917.
The judgment of the civil district court rejected plaintiff’s demand, and plaintiff has appealed.
The uncontroverted facts are that plaintiff was engaged in trucking cannon shells from a point on the docks to a ship which was receiving the freight. The truck was hauled by two men, one in front and one behind. Plaintiff was on the front end of the truck. These men were moving the truck along a narrow space between piles of freight, when its progress was interrupted by a gondola car loaded with steel bars, and a derrick, in operation, which obstructed the passageway. Heavy chains were attached to the boom of the derrick. These chains were used to encircle the steel bars, and to hold them in place while they were being lifted from the gondola ear and transferred to a nearby truck. In this process the boom of the derrick swung back and forth from the ear to the truck. On the lift of the derrick the chains encircled the steel bars, but, after the load was deposited on the truck, the chain swung free from the boom until its return, in the arc of a circle, to a position over the gondola car.
As to the other facts of the case the preponderance of the evidence shows that on the lift of the last load of steel bars from the gondola car, the car moved out of the passageway, but, before the boom of the derrick had swung back into place, after depositing this load of steel bars on the truck, the plaintiff stepped from a place of safety into the path of the swinging chain, and was struck by the hook on the end of the chain.
It appears that at the time of the accident plaintiff was not an employee of the defendant, but defendant’s employees were engaged in operating the derrick and in unloading the steel bars from the gondola car. Under the circumstances disclosed by the testimony of all of the witnesses, the danger resulting from the operation of the derrick and the swinging chains was obvious to any one at the scene, and must therefore have been doubly so to an experienced longshoreman.
The danger being visible and obvious, the failure of the plaintiff to avoid it or to reasonably attempt to do so was such negligence or contributory negligence as will bar recovery. 20 R. C. L. 112; 29 Cyc. 515; *517 Bianchi v. Del Valle, 117 La. 587, 42 South. 148.
The judgment of the lower court is correct, and it is therefore affirmed.