(111 So. 269)

No. 26055.

**PRESCOTT et al. v. CENTRAL CONTRACTING CO. et al.**

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

**1. Negligence �köng134(4)—Negligence in operating hoisting engine without proper spark arrester held sufficiently shown.**

Evidence *held* sufficient to give rise to a reasonable presumption of defendants' negligence in operating a hoisting engine without a proper spark arrester, so as to render them liable, in absence of rebuttal evidence, for damage to plaintiff's nearby house by fire.

**2. Negligence ⊆≈16—Persons employing dangerous agencies must use care commensurate with danger.**

Those who employ agencies, which may endanger persons or property, must use care commensurate with the danger and risk reasonably to be apprehended.

**3. Negligence ⊆≈1—"Ordinary care" depends on circumstances; "negligence."**

Ordinary care and negligence are relative terms and depend on the circumstances or exigencies of the occasion.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence; Ordinary Care.]

**4. Negligence ⊆≈2—Knowledge of facts from which duty springs is essential element of negligence.**

Knowledge of facts from which duty springs is essential in determining fact of negligence and especially the care to be exercised.

**5. Negligence ⊆≈25—Knowledge of proximity of building with shingle roof, previously ignited by sparks from hoisting engine, imposed duty to guard against recurrence.**

Knowledge of building contractor operating hoisting engine that building damaged by fire, set by sparks therefrom, was an old frame structure with an easily ignited shingle roof, that engine's smokestack was approximately as high as and near roof, and that sparks therefrom had set fire to roof once before imposed a duty to correct condition that caused prior fire or to guard against probability of its recurrence.

**6. Negligence ⊆≈2—Negligence is violation of duty.**

Negligence is a violation or disregard of some duty.

**7. Damages ⊆≈188(1)—Evidence, in action for value of building demolished because of damage by fire, held to show that plaintiffs were notified before fire not to repair it.**

In action for value of building, which plaintiffs were compelled to demolish because damaged to such extent by fire set by sparks from defendants' hoisting engine as to prevent its repair, under city building code, evidence *held* to show that plaintiffs were notified, after a former fire and before fire complained of, that they could not repair building.

**8. Damages ⊆≈111—Owners, compelled to demolish building damaged by fire, could recover only actual damages, where notified after prior fire not to repair it.**

Owners, notified after fire that they could not repair building, under city building code, *held* entitled to recover only actual damages thereto by second fire, not total value of building which they were compelled to demolish.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by H. H. Prescott and others against the Central Contracting Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

John B. Files, of Shreveport, for appellants.

Melvin F. Johnson and Alex F. Smith, both of Shreveport, for appellees.

BRUNOT, J. This is a suit for damages. The sum claimed is $3,927.50. From a judgment in favor of plaintiffs and against defendants for $590.98, with 5 per cent. per annum interest thereon from December 15, 1921, and costs, and decreeing the British American Assurance Company of Toronto, Canada, the beneficiary of said judgment, the Central Contracting Company appealed. Plaintiffs have answered the appeal and pray that the judgment be increased to the sum sued for, with interest, and that the British American Assurance Company be decreed the

beneficiary of the judgment to the extent of $1,000, with interest, and, as thus amended, that the judgment be affirmed.

The substance of the petition is that the defendant company, through its officers, agents, and employees, while engaged in the business of said company and acting within the scope of their authority and employment, negligently and carelessly set fire to and damaged a dwelling house, the property of plaintiffs, to such an extent that, under the provisions of the building code of the city of Shreveport, they were not permitted to repair their building, but were compelled to demolish it, and for that reason suffered a loss of $3,927.50, the total value of the building, less the salvage. It is alleged that the fire was caused by sparks from a hoisting engine which defendants were operating on plaintiffs' premises; that defendants' hoisting engine was not equipped with a spark arrester; and that it emitted quantities of hot coals and sparks, which, on January 20, 1921, fell on the roof of plaintiffs' building, set fire to it, and practically destroyed it. An exception of vagueness was urged, but plaintiffs were permitted to supplement and amend their petition.

Defendants admit amicable demand and that plaintiffs' property was damaged by fire on the date alleged in the petition, but with respect to all other allegations the answer is in the nature of a general denial. Defendants specially deny negligence or carelessness in the operation of their boiler and hoisting engine, and specially aver that the smokestack of their boiler was provided with such a spark arrester as is generally used by contractors and builders when engaged in similar work.

[1] From the record it appears that defendants were engaged in constructing the Ardis office building in the city of Shreveport. They were operating a boiler and hoisting engine, which were located on the premises of plaintiffs, about 20 feet behind plaintiffs' house. This house fronts on Milam street, and it is situated between the Ardis building and the rear of the Ward building. On January 20, 1921, while the hoisting engine was in operation, the plaintiffs' house was burned.

The testimony establishes, with reasonable certainty, that the house was set on fire by sparks which were emitted from the smokestack of the boiler that defendants were, at that time, operating in connection with their hoisting engine. On the question of negligence it is shown that, when defendants began the construction of the Ardis building, their smokestack was not provided with a spark arrester and the building inspector of the city directed that one be placed on the stack. This was done, but the spark arrester was never inspected, and there is no proof in the record that it was in place on the stack at the time of the fire, or that the mesh of the spark arrester was of the proper size to break up the sparks and reasonably minimize the danger of fire therefrom. The fuel used by defendants in the operation of their hoisting engine was rubbish and refuse building material, consisting principally of pine lumber, and when the hoisting machine was in operation quantities of sparks were emitted from the smokestack. It is also shown that, prior to the fire which gave rise to this suit, the roof of plaintiffs' building was set on fire by sparks from this smokestack in the same manner and at or near the same place on the roof of the building where the fire of January 20 originated; that is, on the side of the roof next to and near the top of defendants' smokestack.

[2, 3] Under this state of facts and by reason of the time of the fire, the location of plaintiffs' building with reference to the distance therefrom and the character of the building surrounding it, the absence of gas or electrical connection or of fire in plain-

tiffs' building at that time, and its proximity to the smokestack of defendants' engine there arises a reasonable presumption of negligence on the part of defendants, and, inasmuch as defendants have offered no proof which rebuts this presumption, they cannot escape liability. Those who employ agencies, which might endanger persons or property, must use care commensurate with the danger and risk reasonably to be apprehended.

"Ordinary care and negligence are relative terms and depend on the circumstances or exigencies of the occasion. That is, the same act under one set of circumstances might be considered due care, and under different conditions want of due care or negligence." Cyc., vol. 29, p. 428.

[4] From the same volume of Cyc., p. 30, we quote the following:

"As negligence is the violation or disregard of some duty, a knowledge of the facts out of which the duty springs is an essential element in determining whether there has been any negligence and especially so in determining the care to be exercised."

[5, 6] In applying this rule to the facts of this case, we find that defendants had knowledge that plaintiffs' building was an old, frame structure, covered with an easily ignited shingle roof; that their hoisting engine was being operated in close proximity to that building and their smokestack was approximately as high and near to that roof. They also knew that sparks from their smokestack had set fire to the roof of plaintiffs' building on an occasion previous to the fire which gave rise to this suit, and there is nothing in the record to indicate that they made any attempt, after the first fire, to correct the condition which caused that fire or to guard against the probability of its recurrence. This knowledge imposed upon defendant a duty towards the plaintiffs which they omitted to perform, and it is a well-recognized rule of law that negligence is the violation or disregard of some duty.

Having reached the conclusion that the facts of this case fix liability upon the de-

fendant, the only remaining question relates to the quantum of damages which should be allowed.

[7] It is shown by the testimony that the actual damage to the property occasioned by the fire was $590.98. Plaintiffs contend that, inasmuch as they were compelled to demolish their building after the fire and thereby suffered a loss of $3,927.50, they should have judgment for that amount. There is some conflict in the testimony as to the time when plaintiffs were notified that they could not repair their building. Mr. Prescott says that this notice was given after the fire which occurred on January 20, 1921. The building inspector of the city of Shreveport testified that this notice was given after the first fire and before the fire of January 20, 1921, and he verified his testimony by reference to his records. It is shown that plaintiffs' house was an old and more or less dilapidated frame building, and that it was situated in the fire district and in a developed business section of Shreveport; that on one occasion the building had been set on fire by a faulty electrical connection; on another occasion, the occupants got drunk and set it on fire, and these fires, having occurred a short time before the fire caused by sparks from defendants' smokestack, caused the city officials to seize the first opportunity to remedy that situation.

[8] These facts are strongly corroborative of the building inspector's testimony and lead us to conclude that Mr. Prescott was mistaken as to the time when he was notified that he would not be permitted to repair the building. If we are correct in this conclusion, the only damages the plaintiffs are entitled to recover from the defendants are the actual damages to their building, which was caused by the fire of January 20, 1921, and the judgment of the lower court awards the full amount of those damages.

For these reasons, the judgment appealed from is affirmed at appellants' cost.