STANDARD INSURANCE CO. ET AL. v.
HOLZER SHEET METAL WORKS, INC.

———

(November 17, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

———

John C. Hollingsworth and Lloyd A. Ray,
of New Orleans, attorneys for plaintiffs,
appellants.

Solomon S. Goldman, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The plaintiff insurance companies paid to Mrs. Leo Samson of this city, one of their policyholders, the sum of $558, on a claim for loss resulting from a fire which occurred in her residence on September 6, 1927. A subrogation was taken, and this suit brought against the defendant alleging that the fire which caused the damage to Mrs. Samson's home was due to the fault and negligence of the defendant.

It appears from the record that Mrs. Samson's home was equipped with a warm air heating plant, in which she used wood and coal as fuel. She desired to change the system so as to make it possible to burn oil. With that purpose in view, she contracted with the defendant, the Holzer Sheet Metal Works, Inc., to install a "Waterman All Steel Seamless Furnace"; this equipment being regarded as necessary to that end. The installation was completed on September 6, 1927, and a fire ignited in the fire box of the furnace as a test of the new equipment. Shortly after the fire was lighted, smoke and flames were seen to come from the warm air register in the living room, which were subsequently extinguished after having caused the damage for which this suit is instituted.

The cause of the fire is apparently unknown, and certainly undeveloped by the testimony in the record. The new furnace which defendant had installed confines the flames to its interior and discharges smoke through a smokestack, and there is no suggestion that the furnace was defective or that it was improperly installed. In fact, it was still in use at the time the

case was tried, some two years later. The mere fact that there was fire in the furnace and in the living room at about the same time is all that can be said of the connection between the two, and certainly insufficient to establish defendant's liability.

An expert, employed by the defendant company, attributed the fire to an accumulation of lint and trash in the warm air duct in the living room, the accumulation being ignited by spontaneous combustion. The warm air conveyor or duct is shown to have been improperly installed, in that asbestos paper was not used and otherwise. Possibly the fire was due to defective air ducts and possibly to other causes, but it is not shown to have been due to the fault of the defendant.

The case of Prescott v. Central Contracting Co. et al., 162 La. 885, 111 So. 269, 270, relied upon by plaintiffs, is not in point, because it was there established to the satisfaction of the court that the fire was caused by sparks "emitted from the smokestack of the boiler that defendants were, at that time, operating in connection with their hoisting engine."

In the present case the defendant company's employees built a fire in the ordinary manner in the proper place. Fires had also been built in the old furnace for several years prior to the installation of defendant's new furnace, all without damage to Mrs. Samson's home.

Under the circumstances, we, like the judge of the trial court, are of opinion that no proper case has been made out which would justify a finding in plaintiffs' favor; consequently, for the reasons herein assigned, the judgment appealed from is affirmed.