Plaintiff brings this action in tort, seeking to recover in damages for injuries sustained when one of the boards of a scaffold on which he was working broke and he fell to the ground. He alleges that he had been employed by defendant to do certain stucco work on a building of defendant, and that the said defendant "erected or caused to be erected a certain scaffold for petitioner to work on" and that defendant represented to him that the scaffold was "good and strong and sufficient for the required work." He avers also that he, himself, was not in any way at fault and he charges that the fall and his resulting injuries were caused "through the gross carelessness and negligence on the part of the defendant or his agents and employees in erecting the said scaffold and their failure to use material of a good and sound condition."
Defendant avers that "he had nothing whatsoever to do with the building of the scaffold", that he did not authorize plaintiff to use any of the lumber belonging to him (defendant) and that he did not "even contract to furnish plaintiff with lumber to build the said scaffold, as it was understood and agreed that the plaintiff would furnish everything necessary to do this stucco work except the material to be used in making the required mixture of lime, cement and plaster for this stucco."
Defendant further avers that plaintiff himself built the scaffold "the way he saw fit" and that he used the scaffold all of one day and part of the second day before it broke. And defendant charges that plaintiff's fall was caused solely by his own negligence in failing "to provide the necessary protection to safeguard himself in order to avoid an accident," and he also makes the following allegation: "That plaintiff, who claims to be and who is a plasterer by trade, who has been engaged in his trade for quite a number of years and has worked for defendant on several previous occasions and had always furnished his own tools, knew or should have known what was necessary to provide a scaffold, or safe place from which to work on;"
The district judge rendered judgment in favor of defendant stating in his reasons for judgment that though from the evidence there might be some doubt as to who erected the scaffold, there was no doubt that plaintiff, an experienced plasterer, who for 25 years had engaged in work requiring the construction and use of scaffolds, knew, or ought to have known, whether the scaffold was safe, regardless of who might have erected it, and that although he might not have erected it himself, he had, nevertheless, examined it and had, in fact, strengthened it by putting at least one nail into it and that, therefore, the fall resulted from his own negligence in not making certain that the scaffold was safe and suitable for his use.
From the judgment dismissing his suit, plaintiff has appealed.
The record shows that defendant, himself, shortly before plaintiff began the stucco work, had caused a scaffold to be erected so that he might do other work preliminary to the attaching of the stucco.
There are many witnesses for each of the parties. Those produced by plaintiff were certain that this scaffold had been left in place by defendant, and that it was the same scaffold on which plaintiff was working when he fell. Defendant's witnesses and defendant, himself, are positive that the first scaffold had been taken down and that the boards and timbers of which it had been constructed had been stacked alongside the house and that plaintiff, himself, had constructed another scaffold, though he might have used some of the material of which the former was built.
It would be difficult from this conflicting evidence to reach a conclusion on this *Page 404 
question of fact were it necessary for us to do so. The record shows, we think, that the work which defendant, himself, had done had been completed sometime before the commencement of the work by plaintiff, and this lends color to the contention of the defendant that the first scaffold had been demolished before plaintiff commenced his work, since the building was in use at the time and the scaffold, if left standing in the interim between the two jobs, would have seriously impeded ingress and egress. But whether plaintiff built the scaffold or not, the record shows, as found by the district judge, that plaintiff was admittedly an expert plasterer and stucco worker, and had had 25 years experience in this kind of work. It is manifest that in that time he had erected innumerable scaffolds and was very familiar with the proper method of constructing them, and with the strength of the materials which were necessary for this purpose. Plaintiff, himself, said: "I noticed the scaffold, I observed it. It seemed to be sound to me, and of course I watched it all the time as I moved along from place to place."
In his reasons for judgment, the district court said:
"* * * We will assume that the scaffold which defendant had erected was used by plaintiff, still the evidence shows that he (plaintiff) examined the scaffold and even nailed a part of the scaffold into the bannister; further that he was a plasterer of tweny-five years experience, very familiar with scaffolds and other equipment used in connection with stucco and plastering work, the kind of work involved herein.
"The case clearly comes within the pronouncement of the Supreme Court of this State in the case of Moffet v. Koch,106 La. 371, 31 So. 40, 44, wherein the Court said: 'Where an employe is not placed by the employer in a position of undisclosed danger, but is a mature man, doing the ordinary work which he was engaged to do, and whose risks are obvious to anyone, he assumes the risks of the employment, and no negligence can be imputed to an employer for an accident to him therefrom.' Kohn v. McNulta, 147 U.S. 238, 13 S.Ct. 298, 37 L.Ed. 150."
We agree with the facts found and with the legal conclusion that there is no liability in defendant since the fall of plaintiff resulted from his own carelessness in not making certain that the scaffold on which he was required to work was suitable and strong enough for the purpose for which he was using it.
The judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.