AYRES, Judge.
This is an action in tort against defendant and its insurer for personal injuries received by plaintiff, a colored employee of the Shreveport Waste Paper Company, Inc.
Both the Shreveport Waste Paper Company, Inc., and the defendant were engaged in buying and selling waste paper. Plaintiff’s employer sold a truck load of paper to defendant, which was only one of many similar transactions between them over the past few years. The paper was compressed into bales approximately 6x4x3 feet and weighing some 900 to 1500 pounds. Defendant sent its truck to the seller’s warehouse where the bales of paper were loaded by mechanical equipment onto the flat bed of the truck. In accordance with an agreement between the vendor, plaintiff’s employer, and the defendant, vendor would furnish an employee and its mechanical equipment to load the paper onto the truck and to place in proper position thereon. One piece of the equipment used was known as a hand buggy, on which the paper was loaded and transported onto the truck. After some six or eight bales were loaded, the accident occurred’ which forms the basis of this action.
The evidence discloses there were two holes in the floor of the truck bed, one of which was about six inches wide and twelve to eighteen inches long, and it was into that hole that the left wheel of this hand buggy dropped, jerking the handles, and striking plaintiff and knocking him off or causing him to fall from the truck approximately six feet to the pavement below.
The evidence further discloses that the front of the truck bed was clear of paper and that the holes therein were clearly visible to all- those working around the truck, and were well known to plaintiff. The owners of the truck knew of its condition prior to the accident but had not caused it to be repaired. On prior’ occasions metal strips had been used to cover the holes.
After trial on the merits, judgment was rendered rejecting plaintiff’s demands, and plaintiff has appealed therefrom.
We are informed by statement in counsels’ briefs that the trial court in rendering judgment sustained defendant’s plea of contributory negligence on the part of plaintiff.
Before this court defendant urges two defenses, first, that plaintiff is guilty of contributory negligence, and, second, that defendant is not a third party within the contemplation of the Workmen’s Compensation Act, LSA-R.S., 23:1021 et seq., and, therefore, is not subject to a tort action.
Notwithstanding plaintiff’s allegation “That said truck of said defendant was littered with paper and trash, effectively hiding the condition of the floor of said truck from view”, and the further allegation “That as petitioner rolled said hand truck onto the bed of said truck of defendant, a wheel of said hand truck dropped into a hole in the floor of said truck, which petitioner did not know was in said truck, tipping over the hand truck he was using and throwing the bale of paper off of said hand truck onto petitioner and knocking him from said truck onto the ground,” the evidence does not establish the existence of any concealed danger of which plaintiff was unaware.
Cleve Richardson, truck driver of the defendant, testified there was no paper or debris or litter on the truck bed as it was swept - before leaving defendant’s place.
Mr. L. H. Craig and John Adger, witnesses for the plaintiff, likewise testified there was no litter on the truck, and, in fact, plaintiff himself gave evidence that the top off the truck bed was clean.
Plaintiff admitted that he knew the holes were in the truck bed and, in- fact, *614 for some six to eight trips with the hand buggy he had surrounded or straddled the holes with his buggy. In addition to plaintiff’s general and specific knowledge as to the existence of the holes on the truck, the evidence disclosed that Cleve Richardson specifically asked plaintiff whether he saw the hole at the time he was rolling the bales of paper to the front of the truck and that plaintiff replied that he sure did and asked Richardson to go ahead and push on the bale. The accident occurred during daylight hours.
With this testimony, as well as other evidence in the record, it is established that plaintiff knew of the existence and presence of the hole in the floor; that due to its size it was obvious and visible even to those present not upon the bed of the trailer; that plaintiff had passed the hole at least some twelve to sixteen times before the accident; that the top of the trailer was clear of litter and debris; and the light was sufficient to make the alleged defects clearly visible.
Under the circumstances above detailed, plaintiff at least would be considered as a person lawfully upon the premises or property of defendant, which would be his trailer. The general rule is that an owner or occupant of premises is not liable as an insurer of the safety of persons whom he has invited to enter, 38 Am.Jur. 756, “Negligence”, § 96, and “There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant”, 38 Am.Jur. 757, “Negligence”, § 97; and that also “* * * a person upon the property of another, who deliberately chooses to expose himself to danger of a patent character in the condition of the premises, which he could easily avoid with the exercise of care, may not hold the landowner liable for any resulting injuries, whatever may be the nature of his relationship to the landowner. Again, it is a valid defense, in an action brought by an independent contractor’s servant against the contractee, that the perils in the'conditions by which the injury for which recovery is sought was occasioned were known to, appreciated by, and assumed by the plaintiff.” 38 Am.Jur. 846, “Negligence”, § 171.
These principles were recognized by the Orleans Court of Appeal in Regen-bogen v. Southern Shipwrecking Corporation, 41 So.2d 110, 112, in quoting from 45 C.J. Negligence, § 244, wherein it is stated:
“ * * The invitee assumes all normal or ordinary risks attendant up.on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care/” See also 65 C.J.S., Negligence, § 50.
The evidence discloses that plaintiff was an experienced employee of more than ten years’ service, familiar with all phases of the waste paper business; he had helped load and unload trucks and was familiar with this particular truck.
Particularly, when it was in the power of the plaintiff to avoid the accident and injury, from these general principles, it is well established that defendant is not liable when plaintiff is injured as a result of a known and obvious danger.
In Munson v. Mistretta, La.App., 29 So.2d 402, 404, wherein plaintiff was employed to do stucco work on defendant’s building and while working on a scaffold, one of the planks broke, causing him to fall to the ground, he was denied recovery. Plaintiff therein was an expert plasterer and stucco worker, with twenty-five years’ experience, and, as was stated by the court therein, he had erected many scaffolds and was familiar with the proper method of constructing them and with the strength of the materials necessary for that purpose, and had even nailed a part of the scaffold into the bannister. The court held there is no liability in the defendant since plaintiff’s fall resulted from his own carelessness in not making certain that the scaffold on which he was required to work was suitable *615 and strong enough for the purpose he was using it. In rejecting plaintiff’s demands, it was stated:
“ ‘The case clearly comes within the pronouncement of the Supreme Court of this State in the case of Moffett v. Koch, 106 La. 371, 31 So. 40, 44, wherein the Court said: “Where an employe is not placed by the employer in a position of undisclosed danger, but is a mature man, doing the ordinary work which he was engaged to do, and whose risks are obvious to anyone, he assumes the risks of the employment, and no negligence can be imputed to an employer for an accident to him therefrom.” Kohn v. McNulta, 147 U.S. 238, 13 S.Ct. 298, 37 L.Ed. 150.’ ”
The Orleans Court of Appeal in Antoine v. Consolidated-Vultee Aircraft Corporation, 33 So.2d 435, 438, found that plaintiff was a civilian aircraft inspector assigned to the plant of the defendant to inspect aircraft for defects before delivery to the Navy, whose duties required him to ascend scaffolds to inspect the higher and more elevated parts of the plane. While so engaged, plaintiff was injured when the stand which he was using, swayed, causing him to fall to the floor below. The court held that the facts of the case brought it within the doctrine announced as aforesaid in Munson v. Mistretta, supra, wherein it was held that a plasterer, experienced in work requiring the construction and use of scaffolds, knew or ought to have known whether the scaffold was safe, regardless of who might have erected it. The court then stated:
“There. are many other cases in which it has been held that persons experienced in a particular line of work should be held to be familiar with the dangers which are apparent from obvious defects. We feel that it is unnecessary to cite these cases. The question is whether, under the facts of the case, it should be put into that group in which it has been held that the experience of the particular person is such that he should have realized the dangers of obvious defects and should have guarded against them, or into that other group of cases in which it was held that under the facts, the dangers were not sufficiently obvious to put the person on guard. We think that this case falls into the former category, and we conclude that had plaintiff, with his experience, used the care and taken the precautions which were obviously necessary, the accident would not have occurred, regardless of the defects in the structure.”
The facts in Burns v. Industrial Lumber Co., 144 La. 634, 81 So. 208, as found by the Supreme Court were: Plaintiff’s duties were to attend certain levers on log carriages at defendant’s sawmill; the floor upon which he stood was covered with old rubber belting, underneath which several boltheads stood out an inch and a half from the floor, making the surface very uneven and rough; and along this space it was necessary for plaintiff to make a few steps, whereupon he stumbled on the rough floor and got his foot caught in the machinery, resulting in severe injuries. The court concluded :
“The place might have been made smooth and safe by means of a piece of two inch board with holes in it for the boltheads. To have left it in that dangerous condition was negligence on the part of the defendant company; but plaintiff was an experienced workman ; this danger was obvious to him— in fact, he admits having noticed the bolts the first time he went upon this log carriage, which was two or three weeks before the accident. Under these circumstances he must be held to have assumed the risk incident to this roughness of the floor. Christy v. Tremont Lumber Co., 129 La. 175, 55 So. 754.”
The principles of law in an ordinary tort action and in those cases involving an employer and employee relationship, excepting those in workmen’s compensation cases, are identical. In the case of Regenbogen v. Southern Shipwrecking Corpora *616 tion, supra, in referring to the case of Moffett v. Koch, supra, it was said [41 So.2d 112]:
“The thought which we have in mind in reaching the conclusion which we have reached is well expressed in Moffett v. Koch, 106 La. 371, 31 So. 40, 41. Although that case involved a claim by an employee, whereas this one does not, we think that the principle, which is involved, is identical.”
In Johnson v. Lucy Realty & Development Co., Inc., La.App., 187 So. 325, 326, which was a suit by a tenant for damages for injuries sustained wherein, because of a defect in the gallery of the leased premises, one of her legs plunged through a hole in the gallery, the court said:
“Plaintiff knew well of the existence of the hole; there was nothing to prevent her seeing it; she knew that it was large enough for her foot to go through, and yet she carelessly stepped into it. Regardless of the fault of the owner of the premises in not keeping the gallery in repair, there can be no recovery because the contributory negligence of the plaintiff herself was the proximate cause of the unfortunate result.”
It is our conclusion that the facts and circumstances disclosed by the record in this case show that, even if defendant was guilty of negligence, plaintiff’s negligence, if not the proximate cause, was at least a contributing cause of the accident, and that by reason thereof his contributory negligence bars his recovery. It necessarily follows, therefore, that, in our opinion, the judgment of the lower court is correct and should be affirmed for that reason.
This obviates the necessity of passing upon defendant’s second defense, predicated on the proposition that, due to the relationship of plaintiff and defendant, an action under the Workmen’s Compensation Act is exclusive and that it was, therefore, not subject to an action in tort for the cause of action alleged in this suit. In support thereof defendant cites the decision of this court in the case of Anderson v. International Creosoting & Construction Co., La.App., 41 So.2d 688. We observe from the record, however, plaintiff was paid compensation and finally compromised and settled in full with his employer and its insurer.
For the reasons herein assigned, the judgment appealed from is affirmed at appellant’s costs.