SAVOY, Judge.
This action was instituted by plaintiff against the insurer of one Roy A. Malone for injuries which he suffered while assisting in the untangling of a loading line on a pulpwood loader owned by the said Roy A. Malone.
Plaintiff alleged that on or about October 29, 1958, while visiting the pulpwood loading yard of Roy A. Malone, he did at *802 the request of one of the employees of said Malone try to assist in the untangling of said pulpwood loader belonging to Malone; that said injury occurred when the operator of the machine, Leon Parker, an employee of Malone, caused the boom of the machine to close hack against plaintiff’s right hand; that the accident resulted solely from the negligence of Parker in the operation of the pulpwood loading machine.
The defendant insurance company answered the suit stating that at the time plaintiff was injured, the loading machine was being operated in a normal and proper manner by the employees of Roy A. Malone; that they were unaware of the fact that plaintiff had placed his hand in a position of danger; that there was no negligence on the part on the operators of said machine.
Defendant plead in the alternative that the said plaintiff had no business on the pulpwood loader and was a trespasser thereon, and that he assumed the normal risks involved by voluntarily placing himself in a position of danger.
Defendant also plead contributory negligence on the part of plaintiff.
On these issues the case was tried.
The trial judge found that the plaintiff was contributorily negligent and rejected his demands and dismissed his suit. From this judgment plaintiff appealed to this Court.
The evidence disclosed that plaintiff was a former employee of Roy E. Malone, and was also a member of the Louisiana State Police, but had stopped working for Malone because of a ruling of the State of Louisiana that he could not accept any other employment in his off duty hours.
Plaintiff stated that he had gone to the yard of Roy E. Malone for the purpose of getting some shotgun shells. As he entered the yard Leon Parker was operating the pulpwood loader and a chain or line on the hoist or lifting portion of the loader became entangled. Plaintiff assisted A. M. Wilson, another employee of Malone, in untangling the line and in the process of doing so, stepped upon the machine and onto the adjacent freight car, and then back onto the machine. The operator, Leon Parker, handed plaintiff a tool to help in the process of untangling said machine. Plaintiff was standing on a narrow ledge or running board on the machine when the operator, Leon Parker, caused the boom of the machine to come suddenly back to its resting place, amputating one of plaintiff’s fingers and a portion of his right hand.
We agree with the finding of the trial judge that plaintiff was an invitee and not a trespasser as contended by defendant in its answer and brief, and in oral argument before this Court.
The trial court found that plaintiff was contributorily negligent, basing his opinion on the cases of Little v. A. Wilbert’s Sons’ Lumber & Shingle Co., 142 La. 122, 76 So. 582, and Johnson v. New Orleans Terminal Co., 154 La. 515, 97 So. 795.
In the case of Little v. A. Wilbert’s Sons’ Lumber & Shingle Co., supra, the refuse from defendant’s sawmill was carried away by a conveyor from which an employee selected certain pieces of wood for sale for firewood, throwing them on the ground behind him. The plaintiff, while taking a load of wood from the pile on which it was thrown, was injured by a piece of wood thrown on the pile by the employee of said defendant company. Plaintiff had been taking loads of wood from the defendant for a period in excess of 20 years. Plaintiff stated that as he approached the premises, the mill and conveyor were not running and the employee was not pitching wood; that the employee knew that plaintiff was there to get the wood because the employee looked at plaintiff and plaintiff looked at the employee. The court found that the plaintiff was there by implied invitation and was entitled to have due care taken against injuring him, but found that he was familiar with the premises and the *803 operations of defendant, and that by placing himself within the range of the falling pieces of wood, he was contributorily negligent, which barred his recovery.
In the case of Johnson v. New Orleans Terminal Company, supra, the employees of the terminal company were engaged in operating a derrick in unloading steel bars from a gondola car, and a hook at the end of the swinging chain suspended from the derrick struck and injured plaintiff, who was not an employee of defendant and who was moving a truck along a narrow space between piles of freight. The court found that the plaintiff stepped from the place of safety into the path of the swinging chain, that the danger was obvious and visible, and that plaintiff’s failure to avoid it or to attempt to do so was negligence barring his recovery.
In these cases the plaintiffs were invitees and not employed and were not doing any work beneficial to the plaintiff. There is nothing in either case to show that the operators’ views of the injured parties were not obstructed.
This Court is of the opinion that the case at bar is distinguishable from the cases cited above for the reason that plaintiff was actually performing duties beneficial to the insured employer and with the consent and approval of Leon Parker, an employee of Malone, wherein Parker handed plaintiff a tool to assist in untangling the chain or chains. The evidence reflects that there were no obstructions between Parker and plaintiff, and this Court feels that Parker was negligent in not warning plaintiff before he commenced the operation which resulted in the accident.
Having found that Parker was negligent in this case, we next consider whether plaintiff was contributorily negligent, so as to bar his recovery. The evidence reflects that Parker was an experienced operator, having handled the equipment in question for approximately three years. It was shown on the trial that he operated the controls without having to look down at them. There was nothing obstructing his view of plaintiff. Plaintiff also had some experience around the pulpwood loader.
This Court feels that since both plaintiff and Parker were familiar with the operation of the pulpwood loader, plaintiff had the right to expect that Parker would not start the operation thereof without warning plaintiff. We think that the trial judge erred in holding that plaintiff was contributorily negligent.
The next item to be considered is that of quantum. Plaintiff was employed by the State Police and among other duties it was incumbent upon him to fire a firearm. The evidence shows that plaintiff is right-handed and that since the accident, he has been forced to use his gun or pistol with his left hand. This Court is of the opinion that if plaintiff were not under civil service, that he probably would not be retained in his present employment. It is certain that if he were engaged in any other employment other than State Police at the time of the accident, that he could not do the same work as he had before because of the condition of his right hand.
There are not many cases awarding damages for loss of a finger. This Court is of the opinion that an award of $2,500 in this case is adequate and just.
This Court is further of the opinion that the medical expenses totaling $385.35 should be allowed. These medical expenses are itemized as follows :
Baptist Hospital-$ 175.35
Dr. R. U. Parrott- 50.00
Alexandria Anesthesia Service — 30.00
Drs. Banks and Davis- 130.00
Total-$ 385.35
For the reasons assigned, the judgment of the district court is reversed and set aside and judgment is hereby rendered in favor of plaintiff, Melver R. Paul, and against defendant, Traders and General In *804 surance Company, in the full and true sum of $2,885.35, with legal interest at the rate of five per cent per annum from the date of judicial demand until paid, and for all costs of this suit.
Reversed and rendered.
On Application for Rehearing.
Rehearing denied, en Banc.